MOREAU *et al.*, Appellants, v. BRANHAM *et al.*, Respondents.

1. A sheriff's deed must be under seal; if not sealed, a court of equity can not aid its imperfect execution; nor should a court presume such a deed to be sealed against the express admission, in an answer, of the party invoking such a presumption, that the sheriff omitted by mistake to seal the deed.

*Appeal from Ste. Genevieve Circuit Court.*

The facts sufficiently appear in the opinion of the court. (See also Moreau v. Detchmendy, 18 Mo. 522.

*Frissell* and *Detchmendy*, for appellants, cited Chouteau v. Borlando, 20 Mo. 486; 2 Stark. Ev. 663; 5 Mo. 281; Moreau v. Detchmendy, 18 Mo. 530; Craig v. State of Missouri, 4 Peters, 436.

*Noell*, for respondents.

I. The sheriff's deed was upwards of thirty years old, and that, together with the other facts of the case, warranted the court in presuming the deed to have been sealed. (Taylor on Evidence, § 104 ; 1 Greenl. Ev. § 144 ; Matthews on Presumptions, § 35, 36, 39.) There was sufficient proof of a sale by the sheriff to make a good equitable defence independent of any deed. (Dessaunier v. Murphy, 22 Mo. 95 ; Best on Presump. 76, 81.) The plaintiffs' action was barred by limitation.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiffs brought ejectment for a tract of sixteen hundred arpens confirmed to Pascal Detchmendy, their ancestor, against Danville James and William Branham. After the commencement of the suit, M. Maller, Francis X. Dahmen and Francis Burlando, on their application, were made defendants, and filed their answer. They averred in their answer that in the lifetime of Pascal Detchmendy a judgment was recovered against him in the circuit court of Ste. Genevieve county, on which an execution was issued directed to the sheriff of that county, who levied on and sold, in May, 1823, his interest in the land in controversy, and that St. Gemme became the purchaser ; " that said sheriff undertook to make to said St. Gemme a deed for said land, but by mistake omitted to seal the same so as to make it legally sufficient to pass the legal title thereof." They further averred that by mesne conveyances they had become the legal and equitable owners, for a valuable consideration, of all the right acquired by St. Gemme at the sheriff's sale ; and " that in consequence of the said mistake and omission the legal title to said land had remained in said Pascal Detchmendy and his heirs after his death ;" and then asked, " that the legal title remaining in them be divested and that the same be vested in respondents." The original defendants also filed an answer, in which they admit that they

entered into the possession of the whole tract, but deny that the plaintiffs are entitled to any interest in it; that the title before and at the commencement of the suit was in Maller, Dahmen, Burlando and John Bullier, who, and those under whom they claim, had had possession for more than twenty years; and " that they entered into the possession of said land, and retain the same under license from said M. Maller, Francis X. Dahmen, Francis Burlando and John Bullier."

The court found the facts and declared as a conclusion of law that the instrument executed by the sheriff to St. Gemme was a valid conveyance of Pascal Detchmendy's interest in the land, and " that the presumption arising from the proof of possession, taken in connection with all the other facts found, established that the instrument was a sealed instrument."

The character and legal effect of the instrument executed by the sheriff to St. Gemme was considered by the court in the case of Moreau v. Detchmendy, 18 Mo. 522, where it was decided that a conveyance by a sheriff of land sold under execution could only be by deed under the seal of the officer, and that the court was precluded from considering the question whether the evidence justified the presumption that the instrument was sealed, because the circuit court had found it was not sealed. In this case a stronger objection is interposed by the statement in the answer of the principal defendants, that " the sheriff by mistake omitted to seal the deed so as to make it sufficient to pass the legal title." A court would hardly be justified in presuming the existence of a material fact against the express admissions of a party that it did not exist, and any presumption that might be indulged, from the evidence in this case, that the instrument was sealed, is overcome by the positive statement in the answer of the parties invoking the presumption that it never was sealed.

If the Branhams asserted title to the land or any part of it exclusively to themselves, or in common with others, and not a joint interest, but a mere community of interest with the other defendants, then the admissions of their tenants in

common or co-defendants would not prejudice their rights or be received in evidence against them. (1 Greenl. Ev. § 176.) But in their answer they do not claim title, but on the contrary they disclaim it, and say that the title is in Maller, Dahmen, Burlando and Bullier, under license from whom they entered and retain possession.

The other judges concurring, the judgment will be reversed and the cause remanded.