JOSEPH MOREAU *et al.*, Respondents, *v.* JUSTINE DETCHEMEN-DY *et als.*, Appellants.*

1. *Practice—Partition—Ejectment.*—An ejectment and partition cannot be united in the same count.

2. *Constitution—Bills of Credit—Mortgage.*—A mortgage given to secure a debt, the consideration of which was Loan-Office certificates, is void.—See Craig v. State of Missouri, 4 Pet. (U. S.) 410.

3. *Lands and Land Titles — Ejectment — Outstanding Title — Mortgage. —* A mortgage more than twenty years old cannot be set up as an outstanding title to defeat an action of ejectment, without proof of possession under the mortgage or of the present existence of the mortgage debt.—S. C. 18 Mo. 522, P. 2.

4. *Lands and Land Titles—Ejectment—Conveyance—Tax Deed.* —The mere production of a deed from the Auditor of the State for land sold for taxes, in 1834, is insufficient to establish a title under the statutes relating to the sale of lands for taxes.

5. *Conveyances—Sheriff's Deed—Seal.*—An instrument, purporting to be a deed executed by a sheriff conveying land sold under a judgment, to which no seal is attached nor scrawl affixed, is inoperative as a conveyance.—See Moreau et al. v. Branham et als., 27 Mo. 351.

---

* See Moreau v. Detchemendy, 18 Mo. 522, and Moreau v. Branham, 27 Mo. 351.

*Appeal from Ste. Genevieve Circuit Court.*

*J. A. Beal,* for appellants.

I. The defendants being in adverse possession, partition will not lie.

II. The court erred in admitting the power of attorney after the trial had closed, because it was out of order of evidence, and because it was not proven that it was acted under and is not connected with any part of the case.

III. The mortgage deeds from P. Detchemendy to the State and to Chouteau and others, show an outstanding title sufficient to defeat plaintiffs' action. In order to furnish the presumption of payment of mortgage after twenty years there must be an adverse possession by the mortgagor, and limitations will not run where neither the mortgagor nor mortgagee had possession—27 Mo. 198 ; 20 Mo. 98 ; 20 Mo. 428. In this case Pascal left the place and held no possession after his mortgages. Neither the mortgagor nor mortgagee had possession of the lands after the execution, so there is no limitation, and the title of these parties is outstanding and effectual, and can be enforced in law.

Where possession has been had for a long time under claim of title, it is not necessary to produce the deed—18 John. 40 ; Smith v. Lorillard, 10 John. 356.

It is not necessary to show a regular chain of conveyance from the first purchaser in adverse possession—Craddock v. Stalcross, 1 Tenn. 351 ; Gallatin v. Cunningham, 8 Cow. 382.

Possession of a part is a possession of all the land covered by the deed or party's title—1 Nott & McCord, 396 ; id. 357. Seizin is not bounded by actual possession, but is co-extensive with the title—5 Har. & Johns. 245.

IV. As an ancient deed over thirty years old, the sheriff's deed was sufficient, and the law presumes it to be rightly executed—1 Greenl. Ev. § 144.

After thirty years' possession the law presumes all things to be done in due form—Schauber v. Jackson, 2 Wend. 13 ;

3 John. 292; 2 Day, 280; 7 East, 279; 9 Ves. 5; 5 T. R. 259; 2 T. R. 583; 3 Stark. Ev. 936 & 904; 14 Mass. 145, 177; 10 Mass. 105; 17 Mass. 72; 2 N. H. 310.

By these decisions the sheriff's deed to St. Gemme is presumed after thirty years to be good, properly executed, and in form.

*Jno. L. Detchemendy*, for respondents.

I. The mortgage from Pascal Detchemendy to the State in consideration of a "Loan Office" certificate was void from the begining—Craig et al. v. State of Mo., 4 Pet. 436.

II. Even if the mortgage to the State for a "Loan Office" certificate had been a legal act, and the mortgage to Pierre Chouteau and others embraced survey No. 2060, it could not avail the defendants, because these mortgages were of more than twenty years' standing—Moreau et al. v. Detchemendy et al., 18 Mo. 529.

III. The instrument from the sheriff from Ste. Genevieve county to St. Gemme in 1823 was wholly inoperative, as said instrument was found not to have been sealed by the sheriff —27 Mo. 351; 18 Mo. 530 & 531.

IV. The plaintiffs were not barred of their right to recover by virtue of the statute of limitations, as no one was in possession of survey No. 2060 prior to sometime between the years 1835 and 1839—Paddleford v. Dunn, 14 Mo. 522.

V. The deed from the State Auditor cannot be taken as *prima facie* evidence of title—Mortin v. Reeds, 6 Mo. 73; Reeds v. Morton, 9 Mo. 878.

HOLMES, Judge, delivered the opinion of the court.

The case is to be regarded upon this record as an action of ejectment. The plaintiffs claim an undivided interest of seven-ninths in the land in controversy, as tenants in common with the defendants, who are holding the possession of the whole premises adversely to the plaintiffs and deny the co-tenancy. The petition seems to have been drawn upon the erroneous conception that an ejectment and a partition

could properly be united in the same count. The answer took issue upon it as an ejectment. Rejecting what is stated in reference to a partition as surplusage, it might still admit of some question whether enough remained to constitute a good petition in ejectment under the statute relating to that action; but as there was no demurrer, and no point is raised on this ground, we are inclined to hold it sufficient on appeal. It was tried below as an ejectment, and will be so considered here. The suit was commenced in 1852, and there was a finding of the facts by the court sitting as a jury under the Practice Act then in force. Upon a careful examination of the evidence, we are satisfied that the finding of the court as to the facts was well warranted; nor do we find any error in the instructions that would justify a reversal of the judgment.

The land in controversy (being U. S. survey No. 2060, in the county of St. Genevieve) was conveyed by patent from the United States to Pascal Detchemendy in 1834. He died in 1844. The plaintiffs claim by descent as heirs. It is clear that the title descended to them unless it had been conveyed away by their ancestor before his decease. The defendants endeavored to show that the title of P. Detchemendy had been conveyed to them by valid conveyances, or that, if the deeds were ineffectual to pass the title, they had held an adverse possession under them for a sufficient length of time to bar the plaintiffs' action under the statute of limitations. The evidence wholly failed to establish such an adverse possession. The possession of this land by defendants and those under whom they claimed as against the plaintiffs and the common ancestor, so far as it was ever adverse, began within the period of the statute bar then in force. The defendants undertook to prove a legal seizin in themselves, or those under whom they claimed adversely, by virtue of title anterior to any actual adverse possession of this land by them: they also attempted to show an outstanding title in other persons. For the latter purpose, they gave in evidence two mortgages from Pascal Detchemendy, one to the State of Missouri, and the other to Pierre Chouteau and others. The

mortgage to the State was executed in October, 1821, to secure the payment of a loan of one thousand dollars and interest; and it appears, that, after the evidence was closed, some dispute arising whether this loan was made under the act concerning loan-office certificates, the court allowed the plaintiffs to introduce a power of attorney of the same date as the mortgage from P. Detchemendy, authorizing his agent to make a loan of such certificates from the State. That a mortgage to secure such a loan was utterly void was determined in the case of Craig v. The State of Mo., 4 Pet. 410, in which it was also held that any competent evidence bearing upon the consideration was admissible. The court would take notice of the laws of the State. Even if the evidence here, without this power, were to be considered insufficient to show the nature of the loan, the admission of the document under the circumstances did not go so far beyond the proper discretion of the court that we could disturb the verdict on that ground alone. Still further, if it had appeared that the mortgage had been made upon a valid consideration, it would have fallen within the decision in Moreau v. Detchemendy, 18 Mo. 530, in regard to this same mortgage to Chouteau and others, which is again relied upon in this case for the same purpose; and both mortgages must be disposed of in the same way. It was said, in that case, that when both parties are claiming under Pascal Detchemendy, and neither of them under the mortgagees, and the mere instrument of mortgage, more than thirty years after its date, is set up to defeat the plaintiff's action, without any proof of possession under the mortgagees or of the present existence of the debts, the mortgage is entitled to no consideration as a bar.

To show a seizin by title, and to support a claim of adverse possession, the defendants relied, first, upon a tax deed from the Auditor of the State, dated July 18, 1834, with nothing more to establish a tax title under the laws then in force. The cases of Morton v. Reeds, 6 Mo. 64, and Reeds v. Morton 9 Mo. 868, which arose under the same statutes, are clearly to the effect that this deed alone was wholly insufficient to

prove a title of that nature ; and there was no adverse possession under this deed until within the twenty years ; and, secondly, they claimed title under an execution sale upon a judgment against P. Detchemendy in 1823, and a sheriff's deed to one St. Gemme, which was expressed in the body to be executed under the " hand and seal" of the sheriff, but no seal, or scrawl by way of a seal, was affixed. It was held in Moreau v. Detchemendy, 18 Mo. 530, that this instrument was no deed ; but it was said that if the court below had found it to have been a deed upon evidence authorizing presumptions to be made, this court would have considered whether such evidence. justified such a presumption. In Moreau v. Branham, 27 Mo. 353, it was held that the court was still further precluded from considering any such presumption by the admission in the answer that it had never been a sealed instrument. In this case, the answer contains no such admission. On the other hand, there is no proof of any special facts or circumstances extraneous to the instrument that can furnish any proper basis for a natural presumption of fact upon which a jury might infer that it had once been sealed, if morally convinced that such had been the fact. The matter rests upon the face of the paper only. It is insisted that the court might presume it to have been a sealed instrument as being an ancient document (more than thirty years old) found in the proper custody. The case was submitted under this instruction : that " if the court finds from the evidence that the sheriff's deed from Francis Vallé, sheriff, to St. Gemme, was a sealed instrument, then it is legally sufficient to divest the title of Pascal Detchemendy in the land which said deed purports to convey." The court has found that it was not a sealed instrument. The evidence was not such that we can say the finding was against evidence, or that the facts proved were sufficient to raise even a disputable presumption of law. Scrawls have been in lawful use, by way of seals, in this State, ever since the act of July 3, 1807 (Laws of Louis. Ter. 106; Geyer's Dig. 250 ; R. C. 1825, p. 215) ; though seals by wax or wafer were not wholly super-

seded. There is nothing to indicate that this instrument had ever been sealed by an impression on wax or wafer which might have been detached by the wear and tear of time. It is probable that the custom of using a scrawl by way of seal was nearly as universal in 1823 as it is now. The probability is rather that a scrawl was omitted; and there is scarcely a possibility that a scrawl could have been lost off. The policy of maintaining the distinction between sealed instruments and those not under seal is vindicated by learned authorities—Warren v. Lynch, 5 J. R. 245; 4 Kent's Com. 452; 4 Crui. Dig. by Greenl. 27, n. 2; Bradford v. Randall, 5 Pick. 496. And it is settled in this State that two things are equally necessary under the statute to constitute a good sealing by the use of a scrawl: first, that it should be so expressed on the face of the instrument; and second, that a scrawl by way of seal should be affixed—Grimsley v. Riley, 5 Mo. 280; Walker v. Kiler, 8 Mo. 301.

Where a parchment exemplification of a commission, issued by the Crown in the reign of Queen Elizabeth, to inquire into the boundaries of a town, was produced from the corporation chest, in 1838, showing a slip of parchment at the foot corresponding in size and form with that on which the great seal was usually affixed, though there was nothing else to show that the seal had ever been affixed, the court presumed that the seal had been accidentally removed—Beverly v. Craven, 2 Mood. & Rob. 140. This deed can hardly be considered an ancient document of that sort, and the circumstances are very dissimilar. It was made in the execution of a statute power which must be strictly pursued, and upon a sale of property *in invitum* as to the owner. It is not really a case where the actual possession of land has been held for a long time under the deed only. The title was claimed here under other deeds also; and the actual possession, if there were any adverse, did not reach back for twenty years. We find no authority that would authorize such a presumption to be made in a case like this, and must hold the ruling of

the court below to be correct. Nor was the case submitted under instructions which contemplated that the court might advise the jury to presume a conveyance of title upon special facts and circumstances proved, together with long continued possession though short of the period of the statute bar, which might possibly in certain cases authorize a legal presumption that the title had been conveyed by some valid deed, within the principle recognized in Dessaunier v. Murphy, 22 Mo. 104.

It was contended by the defendants that these deeds, though ineffectual to pass the title, were sufficient to support a claim of possession, and extend the actual possession of a part claiming the whole to the entire tract so as to amount to a disseizin of the true owner not in the actual possession of any part. The evidence was not sufficient to sustain this pretension. There was no actual possession on the particular land in controversy, under any deeds whatever until within the twenty years. The first possession by Clement C. Detchemendy appears to have been confined to the larer tract on which the dwelling-house was situated and to the other small tract on which there was a mill; and it would seem that he claimed merely as a tenant in common with his father. When his possession became so far adverse as to amount to a disseizin and actual ouster of the co-tenant is quite uncertain, if it ever became such. This subject was discussed in Warfield v. Lindell, 38 Mo. 561. But it is very clear that he never took any actual adverse possession of this survey No. 2060 until between 1837 and 1839. Nor can the earlier possession on the other tract be extended to this tract. Moreover, he appears to have bought in the tax title and the title or claim under the sheriff's deed, while he was a tenant in common, and there is nothing in the evidence to make it very decisive or satisfactory that he should not be deemed to have purchased those claims for the benefit of the other tenant in common as well as for his own. At any rate, we are satisfied that the defence under the statute of limitations was not made out. There was no error in refusing the instructions on this point.

The judgment was, that "the plaintiffs were entitled to recover an undivided interest of seven ninths of the property and $933.33 damages and costs." The record exhibits some informalities and irregularities, but there is no substantial error.

The judgment will therefore be affirmed. The other judges concur.