EDWARD ROSE, Respondent, v. FREDERICK SPIES, Appellant.

1. *Attorney at law —Professional services, value of, a question of fact.*—The jury are the proper judges of the value of professional services rendered by an attorney at law; and, without some misdirection by which they were misled, there is no occasion for interference in their verdict by the Supreme Court.

2. *Instructions.— Evidence.* — Instructions based upon a state of facts not in evidence are erroneous, and should not be given.

3. *Instructions — Commenting on evidence.*— A court has no right to comment on the evidence or single out particular facts and tell the jury that if they find them in a certain way they shall give their verdict accordingly.

*Appeal from St. Louis Circuit Court.*

The facts appear in the opinion of the court.

*George P. Strong,* and *F. Spies,* for appellant.

The first instruction given by the court, marked No. 1, amounted to a comment upon the evidence, and that of the most dangerous character. It virtually told the jury that they were not bound to decide according to the evidence in the cause, but might decide from all the circumstances of the case. This was nothing less than a commentary upon the evidence, and such a commentary as was calculated to destroy its force in the minds of the jury. This court has often decided that such instructions are erroneous. (Chouquette v. Barada, 28 Mo. 491, 499; Anderson v. Kincheloe, 30 Mo. 520; Chambers v. McGiveron, 33 Mo. 202; Carroll v. Paul, 16 Mo. 226; The State v. Holmes, 17 Mo. 379; Loehner v. The Home Mut. Ins. Co., 19 Mo. 628.)

It is error to instruct the jury to find as they think proper. This was virtually the effect of one of the instructions given in this case. (3 Mo. 580.)

*Peacock & Cornwell*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The appellant, who is an attorney-at-law, was employed by one Eliza Roessler to commence and prosecute a suit in her behalf for damages against Joseph Stehle. It appears that Stehle had contracted marriage with Miss Roessler, and, at the time the marriage was solemnized, he had a wife living. As soon as this fact came to the knowledge of Miss Roessler, she procured a sentence of nullity, and then instituted proceedings against him to recover damages for the injuries she had sustained in consequence of his wrongful act. The appellant, as her attorney, prosecuted the suit and recovered a judgment in her favor, and against Stehle, for $6,000. He collected the judgment, with interest thereon, amounting to $6,010, and tendered her $3,005, claiming the other half as a compensation or fee in the case. This she did not accept. She assigned the judgment to the respondent, subject to whatever the appellant might be entitled to as a fee in the case; and the parties not being able to agree on the amount, this suit was brought. Upon a trial in the Circuit Court, the jury awarded appellant $1,250 for his services, and from that verdict he has appealed to this court.

The only question in the case is the value of the professional services rendered; and unless the court committed error in admitting or rejecting testimony, or in giving or refusing instructions, the verdict cannot be disturbed. The jury were the proper judges of the value, and, without some misdirection by which they were misled, there is nothing presented for interference here. It is admitted that the appellant performed his duty most faithfully and creditably, and, as the verdict evinces, with signal effect. The appellant testified and attempted to show that there was a contract or understanding that he should have half the judgment, or all that he recovered over $3,000, but this was entirely nega-

tived by Miss Roessler; and the credibility of the witnesses and the weight that should be given to their testimony was wholly for the jury. Several members of the bar were sworn as to what would be a reasonable compensation, and they differed as to amounts, but all placed it above the verdict of the jury.

The court, at the request of the respondent, gave three instructions. The first declared, substantially, that in the absence of a contract fixing the value of services at the price to be paid therefor, the person rendering the services had a right to a reasonable compensation, and that, in considering the reasonableness of such compensation, the jury might take into consideration all the circumstances of the case, and were not bound by the opinions of witnesses experienced as experts, but that those opinions should be considered in connection with the other evidence in the case.

The second instruction declared that if the jury believed from the evidence that the employment of the appellant was undertaken without any agreement as to the amount of his fees, then he was only entitled to recover a reasonable fee for his services.

The third instruction is in reference to an attorney's lien, but no question is raised concerning its correctness or propriety.

At the instance of the appellant, the court gave an instruction in reference to the effect of a contract if the jury found that one was made, to which there is no objection; but refused to give the second one offered, which declared that if the jury believed from the evidence that the suit for damages was an unusual one, and required unusual skill and care and labor to prosecute and maintain it, and that from the circumstances of the plaintiff in the case, or from any language used by her, or her attorney in her presence, it was understood between the plaintiff and her attorney that he was to be compensated out of whatever might be recovered, and that unless he recovered a judgment he could have no compensation for his services, and that in such case it is usual and customary for attorneys to receive one half the amount recovered, and that under all the circumstances such a proportion would be a reasonable compensation to the attorney for his services, then they should find for the defendant.

This instruction was, I think, rightfully refused. All that is embraced in the first part in regard to an understanding or agreement as to the compensation was covered by the first instruction given for the appellant. As to that portion which declared that the attorney was to be compensated out of the judgment recovered or else get nothing, there was no evidence to support it, nor was it justified by any issue made in the pleadings. The balance was bad, because it attempted to set up a usage or custom, and no usage or custom was proved, even were it allowable in such a case. The objection urged against the first instruction given by the court at the request of the respondent is that it is a comment on the evidence. But this objection is not tenable. A court has no right to comment on the evidence or single out particular facts and tell the jury that if they find them in a certain way they shall give their verdict accordingly. But nothing of the kind is to be found in the instruction. The jury are told that the opinions of witnesses examined as experts are not conclusive, but that they are to be considered in connection with the other evidence. This placed the whole testimony and the weight of testimony before them in an unexceptionable form.

It is also objected that error was committed in admitting illegal evidence, but the evidence complained of was introduced to rebut and repel testimony given by the appellant, and was perfectly competent for that purpose.

Upon the whole case, we have failed to see any such error as calls for the interposition of this court, and the judgment will accordingly be affirmed.