# CASES DETERMINED

IN THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

### MARCH TERM, 1889.

CONRAD R. STINDE, Plaintiff in Error, v. ADOLPH SCHARFF, Defendant in Error.

**St. Louis Court of Appeals, April 16, 1889.**

1. **Commissions:** SALE OF REAL ESTATE. The plaintiff, a real estate agent, was authorized by the defendant to purchase for him a piece of property, and was to be compensated therefor at a fixed rate of commissions. The plaintiff closed a contract of purchase with another agent, who represented a corporation then occupying the property, but having no title thereto. A copy of this contract, signed by both agents, was sent to the defendant, but the trade was never consummated. No authority existed from the owner of the property to make the contract of sale, and an authority given by the occupant, representing the owner, to the selling agent, had expired prior to the making of the contract. *Held:* The plaintiff was not entitled to recover compensation for the attempted purchase.

2. **Evidence:** RECORD ENTRY. An entry in the records of the directory of the corporation owner of the property, in these words: "With this understanding, the Young Men's Sodality were authorized to take steps for the sale of the site of their present hall, and the purchase of the lot in the neighborhood of the new church," was properly excluded from evidence, as an incomplete record, and as being incompetent and irrelevant.

( 15 )

*Error to the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*George W. Taussig,* for the plaintiff in error

The statute of frauds, as amended by the act of 1887, cannot be invoked by defendant Scharff. This is not a proceeding by the vendee to enforce the contract against the vendor. It is now well settled that the signature of the party charged in the action satisfied the requirements of the statute. 3 Pars. Cont. 9, note " L " ; *Fenley v. Stewart,* 5 Sandf. 101. When the question arises as to the authority of the person claiming to be an agent to sign the contract, it is sufficient to establish the fact by parol. *Riley v. Minor,* 29 Mo. 439. The statute, in no event, declares the contract by the vendor's agent, under parol authority, to be void. The contract between the vendor and vendee may not be binding, at the election of the vendor ; but if he chooses to ratify his agent's contract, it seems unwarranted to permit the vendee, who is sufficiently bound, to plead the statute. The authority to Hayden & Co. was proven beyond the possibility of dispute. R. S., sec. 731, p. 120 ; R. S., sec. 2288, p. 380. The records of the university were properly authenticated, and the court erred in excluding them. R. S. 1879, p. 380, sec. 2288. Stinde, having performed everything required of him, is entitled to recover under his contract. *Love v. Owens,* 31 Mo. App. 501 ; *Ramsey v. West,* 31 Mo. App. 676 ; *Barnard v. Monnat,* 1 Abbott, 108 ; *Ward v. Lawrence,* 79 Ill. 295 ; *Mooney v. Elder,* 56 N. Y. 238.

*John W. Noble* and *George R. Lockwood,* for the defendant in error.

Plaintiff alleged that he was employed to purchase the property in question, but failed to show a purchase

of the property, or that he even obtained a binding contract for the sale thereof. Acts, 1887, p. 195 ; Bouv. Dict., Title, Purchase ; *Ramsey v. West*, 31 Mo. App. 676 ; *Carter v. Alexander*, 71 Mo. 585. Plaintiff having declared on a special contract he must show a performance thereof, in order to recover. *Yeats v. Ballentine*, 56 Mo. 530 ; *Williams v. Porter*, 51 Mo. 444 ; *Eyermann v. Cem. Ass'n*, 61 Mo. 489. The resolution of June 1, 1885, offered in evidence and excluded, showed on its face that the resolution was conditional, and that only part thereof was offered, and consequently it was properly excluded. Record, p. 31 ; Greenl. Ev. (14 Ed.) sec. 89.

BIGGS, J., delivered the opinion of the court.

The plaintiff is a real-estate agent, and brought this suit in the circuit court to recover the sum of one thousand dollars which he alleged was due him under a special contract in negotiating for defendant the purchase of certain real estate in the city of St. Louis.

There was a trial by jury, and at the close of plaintiff's testimony the court, at the instance of defendant, gave an instruction that under the evidence plaintiff was not entitled to recover. Thereupon plaintiff took a non-suit, with leave to move to set it aside. This motion was filed in due time, and having been overruled by the court, the plaintiff sued out a writ of error and brings the case here for review.

The plaintiff also makes complaint in this court of the action of the circuit court in excluding testimony offered by him.

Plaintiff's evidence tended to show that on October 3, 1887, defendant authorized him to purchase from the St. Louis University, a piece of ground on the corner of Ninth and Lucas avenue for $21,500, and that defendant also agreed that if plaintiff could buy the property for less, that plaintiff should receive as compensation for his services one-half of the difference between $21,500,

and any sum less than that amount, at which plaintiff might make the purchase. That the title to the property was vested in and belonged to the St. Louis University, a corporation organized under the laws of Missouri, but was used and occupied by an incorporated benevolent society, known as the "Young Men's Sodality." That in pursuance of the authority from defendant to make this purchase, plaintiff opened negotiations with D. J. Hayden & Co., real-estate agents, who had authority (as claimed by plaintiff), from the "Young Men's Sodality," to make the sale.

It appeared from a written memorandum of a contract between Hayden & Co., and Father Hart, representing the "Young Men's Sodality," and dated November 1, 1896, that Hayden & Co. was to have the right to sell the property for one year at the price of $25,000. Plaintiff and Hayden on November 9, 1887, agreed on the sale of the property at the price of $19,500, and a written memorandum of this sale was signed by Hayden & Co., agents, and plaintiff as agent for defendant. On the next day plaintiff sent defendant a copy of the contract. This was all that was done by plaintiff. The trade was not consummated. There was no written authority from the St. Louis University to Hayden & Co. authorizing a sale of the property, nor did plaintiff or Hayden procure from the university a written contract for the sale of the property to defendant. The only written authority possessed by Hayden was from the "Young Men's Sodality" which expired on the first day of November, 1887, prior to making the contract of sale.

For the purpose of showing that the "Young Men's Sodality," had authority from the university to sell, plaintiff offered the following from the records of the board of directors of the university, under date June 1, 1885, to-wit: "With this understanding the 'Young Men's Sodality' were authorized to take steps for the sale of the site of their present hall, and the purchase of

the lot in the neighborhood of the new church." The court excluded this testimony because it was an incomplete record, and was incompetent and irrelevant, and the plaintiff excepted and assigns this action of the court for error. Plaintiff also introduced some testimony having some tendency to show that the terms of the sale, negotiated by Hayden & Co., were satisfactory to the board of directors of the university. One of the directors testified that the sale was satisfactory to him and he thought it was to the other members of the board ; but that the board had never taken any action on it.

They had sold the property to other parties a short time afterwards.

Our conclusion is that the evidence was insufficient and failed to establish a cause of action against the defendant.

The right of real-estate agents to demand and collect commissions has been a fruitful subject of litigation in this state during the past decade, and the general principles of law governing such cases may be considered very well settled.

Before a real-estate agent can recover his commissions for the *purchase* of real estate, he must show either a valid written contract with the owner of the title, or such a contract with the agent of the owner, having written authority from the latter to make the sale, or he must show that he produced, to the purchaser, the owner, and that the latter was then ready and willing to consummate the trade according to the terms agreed on. *Collins v. Fowler*, 8 Mo. App. 588 ; *Love v. Owens*, 31 Mo. App. 501 ; *Bailey v. Chapman*, 41 Mo. 436.; *Ramsey v. West*, 31 Mo. App. 585 ; Mo. Sess. Acts, 1887, 195 ; *Barnard v. Monnat*, 1 Abbott, 110 ; *Mooney v. Elder*, 56 N. Y. 238.

It will be readily perceived that plaintiff's proof fell short of the requirements of the law. His testimony

showed a written contract with Hayden, but he failed to show that Hayden had written authority from the St. Louis University to make the sale, or that he had any right to bind the university in any manner or form. (Sess. Acts, 1887, 195.) Written authority from the "Young Men's Sodality" to Hayden was shown, but this authority had expired by limitation and authorized the sale at $25,000, instead of $19,500.

Plaintiff undertook to supply the missing link in his evidence by the records of the board of directors of the St. Louis University, under date of June 1, 1885. The court excluded this testimony and we think properly, because it shows on its face that it is an incomplete record. The record was incompetent for the purpose for which it was offered, because this action of the board of directors of the university was not sufficient to authorize the " Young Men's Sodality," or their agent (Hayden), to bind the corporation in a sale of the property. The record should have prescribed the price for which the property was to be sold and the terms. Under such a resolution, would it be pretended that the university would have been bound to ratify *any* sale made by the "Young Men's Sodality?" According to plaintiff's construction of this record, if a sale had been negotiated for one-half or one-fourth of the value of the property the university would have been compelled to execute the contract.

If plaintiff had procured a conveyance of the property to defendant from the corporation, or if he had *produced* to defendant the officers of the university, ready and willing to complete the sale, then plaintiff would have been entitled to his commissions. He could have done nothing more, and defendant could not have defeated his action or compensation by refusing or failing to complete the purchase.

MARCH TERM, 1889. 21

Hall v. School Dist. No. 4, Tp. 22, R. 9.

There are other questions presented by the record and which are brought to our attention by the briefs of counsel, but the view we have taken of the main question in the case renders it unnecessary to refer to them. With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.