Stinde v. Blesch.

Conrad R. Stinde, Respondent, v. Frederick W. Blesch, Appellant.

St. Louis Court of Appeals, December 9, 1890.

1. **Real-Estate Broker**: ACTION FOR COMMISSIONS : PLEADING. A real-estate broker, who in a suit for commissions pleads that he effected a sale of the property, may show, in support of this allegation, that the sale was brought about through his efforts, or that he was the efficient cause thereof, though the sale was consummated through direct dealings between his principal and the purchaser.

2. ———— : RIGHT TO COMMISSIONS. A real-estate broker is entitled to his commissions for a sale of property, if such sale was brought about through his exertions or agency, though the final negotiations were conducted without his knowledge directly between his principal and the purchaser, and though the sale was thus made at a price lower than the limit at which he was authorized to make it.

3. ———— : MATERIALITY OF PROFFERED EVIDENCE CONSIDERED. In an action by such broker for his commissions, it is immaterial that another agent, who had been employed by the defendant owner to sell the property, but whose agency in the matter had been terminated prior to the employment of the plaintiff, had made unsuccessful endeavors to effect a sale of the property to the person who ultimately purchased it. A question propounded in such action, and inquiring. "who made the trade, and how it came about," held improper as calling for the statement of a conclusion.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Jno. N. Straat,* for appellant.

*Rassieur & Schnurmacher,* for respondent.

BIGGS, J.—The plaintiff is a real-estate agent in the city of St. Louis. He charges in his petition that the defendant, on or about the twenty-ninth day of December, 1887, employed him to sell certain real estate, which the defendant at that time owned ; that, as compensation for his services in negotiating a sale, if one should be made, the defendant agreed to pay him two and one-half per cent. of the amount realized ; that, thereupon the plaintiff made efforts to sell the property, and that afterwards in February, 1888, he succeeded in making or negotiating a sale thereof to one John Lumsden for sixteen thousand, five hundred dollars ; that the sale was thereupon ratified by the defendant, the money paid, and a deed made and delivered to Lumsden. Then follows an allegation of a demand for payment of the commissions and a refusal by the defendant to pay. The defendant's answer was a general denial. The cause was submitted to a jury, and the trial resulted in the plaintiff's favor. The defendant has appealed.

The plaintiff's evidence tended to prove that, in December, 1887, he was employed by the defendant to sell the property for not less than seventeen thousand dollars, cash ; that he immediately commenced negotiations with Lumsden and his St. Louis agent for the sale of the property ; that, while these negotiations were pending, the defendant, on or about the third day of February, 1885, sold the property to Lumsden's agent for sixteen thousand, five hundred dollars ; that

the plaintiff did not know that the sale had been consummated by the defendant until some time afterwards; that, as soon as he ascertained the facts, he demanded the amount due him for commissions, which the defendant refused to pay.

On this state of the plaintiff's evidence, the court on his motion instructed the jury in substance that, if the plaintiff was employed by the defendant to sell the property, and the sale to Lumsden by the defendant was brought about through the plaintiff's efforts, or if he was the procuring cause of the negotiations between the defendant and Lumsden's agent, then the plaintiff was entitled to recover his compensation, even though the evidence showed that the negotiations resulting in the sale were directly between the defendant and Lumsden's agent, and even though the defendant, in order to make the sale, was compelled to sell the property at a lower figure than he had stipulated in his contract with the plaintiff. The defendant's instructions, which the court refused, were drawn on the theory that, before the plaintiff could recover, he must show that he himself made the sale, and that, in order to establish this fact, it was incumbent upon him to prove that he either secured a valid contract of sale signed by Lumsden, or that he brought the defendant and Lumsden together, and that the latter was ready and willing to make the purchase.

It will be observed that the plaintiff averred in his petition that *he* made the sale, whereas the evidence showed that the actual negotiations, which resulted in the sale to Lumsden, were between the defendant and Lumsden's agent. If, as a matter of fact, the sale was brought about through the plaintiff's efforts, or if he was the procuring cause of the sale, then, legally speaking, the plaintiff did make the sale, although the final negotiations were between the defendant and the purchaser. Hence there was no variance between the allegations and the proof, and the court was authorized to

direct the jury in conformity with the actual facts as disclosed by the evidence. The defendant has no right to complain on that score.

The law is well established that, if property is placed with a real-estate agent for sale, and a sale is brought about through his exertions or agency, he is entitled to his commissions, even though the final nego- tiations were conducted without his knowledge, and the owner, in order to make the sale, was compelled to vary his original price and terms. *Bell v. Kaiser*, 50 Mo. 150; *Tyler v. Parr*, 52 Mo. 249; *Timbermann v. Crad- dock*, 70 Mo. 638; *Goffe v. Gibson*, 18 Mo. App. 1; *Gaty v. Foster*, 18 Mo. App. 639; *Beauchamp v. Higgins*, 20 Mo. App. 514; *Blackwell v. Adams*, 28 Mo. App. 61; *Jones v. Berry*, 37 Mo. App. 125. The plaintiff's instructions are in harmony with the law of these decisions. The defendant's instructions proceed upon the idea that, as the plaintiff had not procured a con- tract of sale signed by Lumsden, nor brought the parties together for the purpose of consummating a contract of sale made by him, he was not entitled to commissions. In support of these instructions the defendant relies on the case of *Hayden v. Grillo*, 35 Mo. App. 647. The law of that case can only be made to apply, where the sale was not consummated through some misconduct or default on the part of the owner. Such a rule would be entirely inapplicable to executed sales. The defend- ant's exceptions to the action of the court in giving and refusing instructions will, therefore, be overruled.

The defendant saved several exceptions to the action of the court in admitting and rejecting evidence. Our examination of the record leads us to the conclusion that this action of the court could not and did not prej- udice the defendant. The defendant's counsel asked O. A. Field, who was Lumsden's St. Louis agent, the following question : Will you tell this jury who made the trade, and how it came about? The defendant complains of the action of the court in sustaining an

objection to it.   The ruling was right, for the reason that the question called for the statement of a conclusion. *Second.*   The following question was also asked Field by the defendant's counsel:   Is there any doubt in your mind that, in all the offers that you made through Mr. Stinde to Mr. Blesch, you contemplated the putting in of this Cass avenue and Webster avenue property? The court rightly sustained an objection to this question.   It was leading and called for an immaterial answer.   *Third.*   In the examination of the defendant we find the following:   "*Q.*   Whom did you first authorize to sell it?   *A.*   It was Joseph Slatery, a young man that was in Duffy's office.   He was the first man I authorized to sell it.

"*Q.*   How long after that before the sale of the property actually took place?   *A.*   Over a year.   A year and a half, about.

"*Q.*   How long was this Mr. Slatery operating in his endeavor to sell the property?   *A.*   About a year.

"*Q.*   Did he make any reports of any offers from anybody, and if so from whom?"

The court sustained an objection to the last question, and the defendant excepted.   We are of the opinion that what Slatery did was entirely immaterial. According to the defendant's own testimony Slatery had ceased his efforts to sell the property, and was no longer his agent when the contract was made with the plaintiff.   Although Slatery may have tried to sell the property to Lumsden, which we assume was the fact sought to be shown, yet it appears that he failed to make a sale.   If the plaintiff afterwards succeeded, the fact that Slatery tried to make the same sale would have been immaterial.   It was not necessary to a recovery that the plaintiff should have been an original discoverer of Lumsden as a purchaser.   If the efforts of the plaintiff and Slatery had been contemporaneous, then the question would have been proper, as having a tendency to show that the plaintiff was not the

procuring cause of the sale. *Fourth.* This question was asked the defendant: " *Q.* When did you first learn about it? *A.* I had offers through Joseph Slatery on the same property from Mr. Lumsden about a year before, or a year and some months before I sold it to him."

By the court: " You acquired that information by a statement from Mr. Slatery, didn't you? *A.* Yes sir."

This evidence was properly stricken out, for the reason that it was hearsay. *Fifth.* This question was asked the defendant. " *Q.* I will ask you whether, at any time before the date of your contract with Mr. Stinde, he had any authority from you to sell this property to Mr. Lumsden, or anyone else?" The court sustained an objection to this question. This question was improper, because the plaintiff's petition alleged that his contract of employment was dated the twenty-ninth day of December, 1887. Whether he had authority previous to that was an immaterial inquiry. Lumsden in his testimony said something about a correspondence between him and Stinde in June or July, 1887, concerning other matters. He said that in that correspondence something was incidentally said about the sale of the property. This statement was immaterial, and on proper objection it ought to have been stricken out. Its admission, however, would not authorize the admission of other incompetent and irrelevant testimony to contradict or explain it. But in no event could the defendant have been prejudiced, because previous to this the defendant had stated that he did not know the plaintiff in June or July, 1887, and that no efforts had been made by the latter to sell the property prior to the date of the contract. There are other objections to the admission and exclusion of evidence, but we do not think that they need special notice from us.

Counsel for defendant also urges that the claim for commissions made by the plaintiff was an afterthought, and that his efforts in no way contributed to the sale. It is sufficient for us to remind counsel that our opinion on questions of fact cannot be substituted for that of the jury.    If we find substantial evidence in support of the judgment, our duty is to affirm it.   As before stated, the plaintiff's evidence tended to make out his case, and to this extent only can our inquiry go.

The judgment will be affirmed.   All the judges concur.