THEODORE C. LINK, Respondent, v. JACOB P. WESTERMAN et al., Appellants.

**St. Louis Court of Appeals, May 23, 1899.**

**Practice, Trial:** INSTRUCTIONS CRITICIZED. An instruction which purports to cover the case and directs a finding must not omit any material defense within the just scope of the pleadings and evidence. Held, that the only instruction given in the case at bar excluded from the view of the jury a material defense.

*Appeal    from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

REVERSED AND REMANDED.

JOHN A. HARRISON for appellants.

The instructions of the court were erroneous in that they put it to the jury to determine whether or not defendants had accepted the plans or sketches in question without telling the jury what facts would constitute such acceptance. Acceptance in such cases is a question of law resulting from a given state of facts, and, while it was for the jury to find such facts, it was within the province of the court, and not of the jury, to determine what facts would constitute an acceptance. If the court undertook to charge the jury upon the question of acceptance, it should have clearly told the jury by its instructions, that such and such facts would or would not constitute an acceptance, and should not have left it to the jury to determine the legal question. Acceptance in cases such as the one at bar is a question of law, and it is too well settled to require

that questions of law should not be submitted to the jury for their determination. The instructions of the court were erroneous in that the jury were told thereby, in effect, that they might find for plaintiff, even though they find and believe from the evidence that the plans or sketches in question had not been originally ordered by defendants, provided · they found that the plans had afterwards been accepted by them. There was no evidence on which to base any such instruction. There was no evidence tending to show that defendants ever received the plans, or had them in their possession. There was no evidence upon which to base any liability on the part of defendants, except that which intended to prove that defendants originally ordered the plans. If the plans or sketches were not originally ordered, then there was no liability, because there was no evidence of an acceptance of them apart from the evidence tending to prove the original order. It was, therefore, erroneous to leave it to the jury to find for plaintiff, even though they might believe from the evidence that the plans or sketches had not been originally ordered.

No brief filed for respondent.

BOND, J.—This suit is for $150 for alleged services of plaintiff as an architect "in making plans and elevations of barroom for Union Station Hotel." It was begun before a justice and appealed to the circuit court, where plaintiff had judgment, from which defendants appealed to this court.

The errors complained of relate to the instruction given of the court's own motion. So much of the instruction as is necessary to present the points under review, is to wit: "If you believe from the evidence in this case that the plaintiff at the instance and request of the defendants Westerman and Prufrock prepared for them certain plans or sketches for the interior work of a saloon at the Terminal Hotel Building, or accepted such plans or sketches as work done by plaintiff for

them, then your verdict should be in favor of plaintiff." The instruction then refers to the legal presumption of a promise to pay the reasonable value of any work requested by the promisor, and concludes its presentation of the issues to the jury in the following language: "If, on the other hand, you believe from the evidence that the defendants Westerman and Prufrock never requested plaintiff to draw any plans or sketches for fixtures and decorations of the saloon in the Terminal Hotel, or to do any work in connection therewith, and that whatever of such plans or sketches may have been drawn by plaintiff, or whatever work he may have done in connection therewith was done by him without any request or direction of the defendants, and was neither ordered by them nor accepted by them as work done for them, then your verdict should be for defendants."

It is apparent from the foregoing quotations that only two issues were submitted to the jury, whether or not the drawings sued for were made in pursuance of a contract with defendants, or whether or not they were accepted, "as work done by plaintiff for them" (defendants). It is objected to the second issue that it was submitted without any evidence and that it referred to the jury the decision of a question of law, in that it left them to decide what was an acceptance of a contract. The first objection is untenable. The testimony of plaintiff tends to show that the plans prepared by him were submitted to defendants, who examined the same and suggested certain changes, which were made. From this evidence an inference of acceptance of plaintiff's services might be drawn. The defect in the instruction (as pointed out in the second objection) is that it failed to tell the jury what facts or circumstances in the evidence would constitute an acceptance or ratification by defendants of the services claimed to have been rendered at their request. It is well settled that if the abandonment of a contract does not rest upon an express agreement, but is the mere legal predicate of specific facts or

circumstances, an instruction which submits the question of abandonment to the jury, without referring them to the particular facts from which it might be inferred, is erroneous. Henry v. Bassett, 75 Mo. loc. cit. 95; Chouteau v. The Jupiter Iron Works, 83 Mo. 73; Kuhl v. Meyer, 42 Mo. App. loc. cit. 482. The principle is the same when an acceptance of a contract or services thereunder is not based upon convention but may be implied from acts, conduct, or other indirect evidence. In such cases to submit the question of acceptance, without directing the jury to the facts and circumstances justifying that conclusion, would be to impose upon them the task of deciding the question of law. In civil actions other than suits for libel, juries are not permitted to resolve questions of law, it being the exclusive duty of the court to expound the law and the jury to find the facts. As the instruction under review submitted the question of an acceptance of the contract claimed to have been fulfilled by plaintiff, not upon an express agreement, it should have submitted to the jury the particular facts and circumstances from which such acceptance might have been inferred.

The instruction under review is also open to another objection. By the language used in submitting the first issue the jury were in effect told that it was only necesary for them to find that the defendants made a contract for the plans which plaintiff furnished them. This was a suit before a justice, hence no answer was filed, and the defenses available are those which arose upon the evidence. One of the material defenses in this case was that the order for the plans, if given, was "contingent" upon the acquisition by defendants as sub-lessees of the building in which the barroom was to be fitted up. Upon this theory of defense the learned trial judge permitted the defendants to introduce evidence that they had never received any lease to the premises, and one of the defendants testified in support thereof, after speaking of a conversation in which he asked plaintiff and was told the price of

a plan for barroom fixtures, "and then we told him that it would take some time any how and we couldn't do anything until the lease was signed and we would have to give him the dimensions and everything else, being that I knew more about the bar fixtures than he would.  Q.   Than what?  A.  Than he did; I told him we would come back and take him down town and give him the dimensions as to the size of what we wanted.  Q.   Size of what?  A.   Of the bar and the fixtures.  Q.   Well, when or in what contingency did you tell him you would come back?  A.   As soon as we had the lease signed and everything we would come back."   The above testimony fairly raised the question whether the contract which plaintiff's evidence tended to show was had with defendants was unconstitutional as plaintiff testified or was conditional upon the obtension of the lease to the building as testified by defendants.   The issue thus presented was wholly ignored in the instruction under review.   The rule is too well settled to require citations in support that an instruction which purports to cover the case and directs a finding must not omit any material defense within the just scope of the pleadings and evidence.   In the case at bar the only instruction given was the one quoted above.   That it excluded from the view of the jury a material defense, is clear from a comparison of the language of the instruction with the above quoted testimony.   In order to embrace all the issues which arose under the evidence in this record the language of the instruction in submitting the first issue to the jury should have directed them to find for plaintiff if there was an unconditional contract between the parties for the services in suit, and to find for the defendants if no contract was made or one conditioned upon the obtension of a lease.   For the foregoing errors in the instruction of the court the judgment is reversed and the cause remanded.   All concur.