E. L. McCORMACK, Respondent, v. ERNEST L. HENDERSON, Appellant.

**Kansas City Court of Appeals, June 8, 1903.**

1. **Real Estate Brokers:** COMMISSIONS: PROCURING CAUSE: EVIDENCE. Where a real estate agent is the procuring cause of a sale of land, he is entitled to his commissions; and on the evidence it is held that plaintiff was the procuring cause of the sale.

2. ————: ————: DISCLOSING NAME OF PURCHASER. It is immaterial whether the agent discloses the name of the purchaser prior to the closing of the sale.

3. ————: ————: ABANDONMENT: INSTRUCTIONS: HARMLESS ERROR. Two instructions relating to the agent's abandonment of the negotiations are commented upon and one held to be without evidence to support it and properly refused, and the other faulty since it did not submit to the jury the particular facts and circumstances from which abandonment might be inferred; but since it was not given at the instance of the plaintiff and was antagonistic to his claim and could not prejudice the defendant, it is held harmless error.

Appeal from Jackson Circuit Court.—*Hon. James Gibson, Judge.*

AFFIRMED.

*Grant I. Rosenzweig* for appellant.

(1) In the absence of trickery or bad faith, agent must fulfill his contract. Heyden v. Grillo, 26 Mo. App. 289; Blackwell v. Adams, 28 Mo. App. 61; Gieger v. Bigger, 29 Mo. App. 421; Love v. Owens, 31 Mo. App. 510; Ramsey v. West, 31 Mo. App. 676; Harwood v. Triplet, 34 Mo. App. 273; Hayden v. Grillo, 35 Mo. App. 650; Stinde v. Scharff, 36 Mo. App. 15; Ziedler v. Walker, 41 Mo. App. 121; Harkness v. Briscoe, 47 Mo. App. 196; VanDyke v. Walker, 49 Mo. App. 381; Nesbit v. Helser, 49 Mo. 383; Maack v. Schneider, 57

Mo. App. 432; Chipley v. Leathe, 60 Mo. App. 20; Hackman v. Gutwiler, 66 Mo. App. 249; Woolf v. Rosenberg, 67 Mo. App. 403; Crowley v. Sumerville, 70 Mo. App. 376; Page v. Griffin, 71 Mo. App. 524; Warren v. Cram, 71 Mo. App. 638; Campbell v. VanStone, 73 Mo. App. 84; Gillette v. Ridge, 117 Mo. 553.   (2) Must produce a purchaser ready and willing. (3) What is not procuring cause.   Ramsey v. West, 31 Mo. App. 676; Stinde v. Scharff, 36 Mo. App. 15; Crowley v. Sumerville, 70 Mo. App. 376; Page v. Griffin, 71 Mo. App. 524; Campbell v. VanStone, 73 Mo. App. 84; Cullen v. Bell, 43 Minn. 226; Earp v. Cummins, 54 Pa. St. 394; Whitcomb v. Bacon,170 Mass.479; Clark v. Nessler, 50 Ill. App. 550; Blodgett v. Sioux, 63 Ia. 606; Cook v. Forest, 116 Ala. 395; McGuyer v. Carlson, 61 Ill. App. 295; Mears v. Stone, 44 Ill. App. 444; Bailey v. Smith, 103 Ala. 641; Sibald v. Bethlehem, 83 N.Y. 378; Ward v. Fletcher, 124 Mass. 224; Wylie v. Marine Bank, 61 N. Y. 415; Francis v. Eddy, 49 Minn. 447; Glasscock v. Van Fleet, 100 Tenn. 603.   (4)   Instructions must not leave out the conditions and terms of the contract. Link v. Westerman, 80 Mo. App. 595; Craycroft v. Walker, 26 Mo. App. 469; Hofstadt v. Diggs, 50 Mo. App. 240; May v. Crawford, 150 Mo. 528.   (5)   Error to submit ''abandonment.''   Link v. Westerman, 80 Mo. App. 592, citing, 75 Mo. 95; 83 Mo. 73; 42 Mo. App. 482. (6)   Disclosure of customer's name is indispensable. Heydon v. Grillo, 35 Mo. App. 650; Stinde v. Scharff, 36 Mo. App. 15; Blodgett v. Sioux, 63 Ia. 606; Mears v. Stone, 44 Ill. App. 444; Wylie v. Marine Bank, 61 N. Y. 415; Baars v. Hyland, 65 Minn. 150; Sievers v. Griffin, 14 Ill. App. 63; Gerding v. Haskins, 141 N. Y. 514; Tinges v. Moale, 25 Md. 480.

*H. L. McCune* for respondent.

(1)   Appellant having consummated a sale to respondent's purchaser, the readiness or willingness of

the purchaser to buy is no longer an open question. (2) Where real estate has been placed in the hands of an agent for sale and a sale is brought about by his exertions, he is entitled to compensation, even though the principal has conducted the final transfer personally or through another agent, at a lower price than the first agent was authorized to make. Wright & Orrison v. Brown, 68 Mo. App. 577; Stine v. Blesch, 42 Mo. App. 578; Bell v. Kaiser, 50 Mo. 150; Tyler v. Parr, 52 Mo. 249; Grether v. McCormack, 79 Mo. App. 325; Timberman v. Craddock, 70 Mo. 638; Wetzell v. Wagoner, 41 Mo. App. 509; Brenan v. Roach, 47 Mo. App. 290; Henderson v. Mace, 64 Mo. App. 393; Millan v. Porter, 31 Mo. App. 563; Bass v. Jacobs, 63 Mo. App. 393; Crone v. Trust Co., 85 Mo. App. 601; Fisher v. Realty Co., 159 Mo. 562; Hogan v. Slade, (Mo. App.) 71 S. W. 1104; Cuniff v. Hausman, (Mo. App.) 71 S. W. 368. (3) The respondent was the procuring cause of the negotiations which resulted in a sale. Where a sale is brought about through the exertions of an agent he is the procuring cause. Wright v. Brown, 68 Mo. App. 577; Wetzell v. Wagoner, 41 Mo. App. 516; Tyler v. Parr, 52 Mo. 250. (4) It is immaterial whether respondent disclosed the name of his purchaser to appellant prior to the time when the sale was closed. Millan v. Porter, 31 Mo. App. 563; Tyler v. Parr, 52 Mo. 250; Goffe v. Gibson, 18 Mo. App. 4.

BROADDUS, J.—This is a suit by plaintiff to recover of defendant commission for the sale by him as a real estate agent of a certain lot and dwelling house thereon situate, in Kansas City, Missouri, belonging to the defendant.

The evidence tended to show that plaintiff having learned that defendant wished to sell said property called on defendant in the month of November, 1901, to secure the agency to sell it; that he was told by defendant that other agents were trying to sell it, but that

if plaintiff would sell it or produce a customer, he would pay him a commission; that defendant priced the property at $20,000, but stated that he would take considerably less; that the commission was to be the usual one of two and one-half per cent on the amount of the sale; that plaintiff at once advertised the property for sale in the Kansas City Star and in the Journal and called on several persons whom he knew to be in the market for the purpose of purchasing homes, and tried to sell to them; that learning that one Robert McClintock had sold his house on or about February 17, 1902, he called on him and gave him a description of defendant's property, told him the price, and asked him if he would not go and look at it, which he agreed to do; that McClintock's wife and daughter had previously seen the advertisement of the property in the newspapers but that he had never seen it himself; that plaintiff went to defendant's office to get the key to the house at which time he told him that he had got a purchaser and informed him that it was McClintock; that on the next day he met McClintock with his wife and daughter at the house and showed them the property, at which time plaintiff offered the property to McClintock for $19,000; that McClintock again went to see the property; that after having seen it he made an offer of $17,000 for it, which offer plaintiff reported to defendant, when defendant said it was not enough; that on the Saturday following the plaintiff called on McClintock again when the latter made some objection to the barn, but said he would think it over and asked plaintiff for his card and told him that he might conclude to raise his offer, and that if he bought the property he would buy it through plaintiff; that plaintiff reported the interview to defendant who told him not to press the sale too hard, as McClintock might think they were too anxious to sell; that plaintiff called upon McClintock several times and at one time gave him a picture of the house; that on one of these occasions McClintock was not at home, but

that he left his card on which he had written that he was going out of town for a few days; that he left town on Monday and returned on Friday; that during his absence one C. F. McGregor, a friend of McClintock's, went to the latter's restaurant for lunch and was told about the property by McClintock, but that defendant was asking too much for it; that McGregor went to defendant at McClintock's request, and as his representative; that McClintock had already decided that he wanted the house, and that McGregor's mission to defendant was only for the purpose of getting the price; that McGregor submitted to defendant the highest price McClintock would pay; that the negotiation finally resulted in defendant fixing the price at $17,500, which McClintock agreed to pay, and it was sold to him at that price. The sale was effected during plaintiff's absence from the city.

The evidence further developed the fact that McClintock took offense at some language used by plaintiff to him, for which reason he was determined not to buy through his agency. The defendant's evidence tended to contradict that given, but as the errors claimed are those of law, the finding of the jury upon the facts is not a proper matter of inquiry here. The finding was for the plaintiff and defendant appealed.

Admitting the full force of the testimony, the defendant contends that the plaintiff did not make out a case sufficient to entitle him to go to the jury.

Instructions numbered one and two, given by the court in behalf of plaintiff, stated the law of the case. They are as follows:

"1. If the jury find from the evidence that plaintiff's agency was the procuring cause of the negotiations between defendant and McClintock which finally resulted in the sale of defendant's property to McClintock, then the plaintiff is entitled to recover, even though the jury may further find that the negotiations were consummated through another agent, and even

though said other agent has been paid by defendant.

"2.   If you believe that McGregor went to Henderson as McClintock's representative and concluded a sale at a lower price than McClintock had offered through plaintiff, this fact would not itself deprive plaintiff of his right to recover, if you believe from the evidence and instructions given you that plaintiff is entitled to recover."

The decisions in this State are numerous to the effect that, "where real estate has been placed in the hands of an agent for sale and he is the procuring cause, he is entitled to his commission." Wright & Orrison v. Brown, 68 Mo. App. 577; Stinde v. Blesch, 42 Mo. App. 578; Bell v. Kaiser, 50 Mo. 150; Tyler v. Parr, 52 Mo. 249.   And these same authorities hold that he is entitled to his commission though the sale was consummated through direct dealings between the principal and the purchaser.   We have only cited a few of the many decisions in Missouri to that effect.

The evidence quoted certainly tends to show that the efforts of the plaintiff was the procuring cause of the sale, notwithstanding defendant consummated it himself with McGregor, who was, in fact, the agent of the purchaser.   If it was through plaintiff's efforts, *of which there can be no doubt,* that McClintock came to the conclusion to purchase, the fact that because he became dissatisfied with plaintiff and made the arrangement to purchase through McGregor did not have the effect of depriving plaintiff of his right to commission for his services.   The evidence that McClintock had concluded to buy the property before he ceased negotiations with plaintiff was clear.

Defendant has cited numerous decisions which he claims are to the effect that the agent must disclose the customer's name to the principal, among which are Hayden v. Grillo, 35 Mo. App. 650, and Stinde v. Scharff, 36 Mo. App. 15.   These two cases do not support his claim.   On the contrary, as to cases like the one at

bar, the appellate courts of this State hold that it is immaterial whether the agent discloses the name of the purchaser prior to the time of closing the sale.    Millan v. Porter, 31 Mo. App. 563; Tyler v. Parr, 52 Mo. 250; and Goffe v. Gibson, 18 Mo. App. 4.

The defendant asked eleven instructions, all of which were refused except those numbered two and three.    It is urged, specially, that the court erred in refusing to give instruction number seven which was intended to be explanatory of instruction number five given by the court of its own motion.    Instruction five is as follows:

"If you believe from the evidence that plaintiff abandoned the negotiations with McClintock, and after such abandonment by plaintiff, McGregor took up the matter, and it was McGregor's efforts that were the procuring cause of the sale to McClintock, then your verdict will be for the defendant." .

Number seven is as follows:

"The jury are instructed that if McCormack told McClintock that he would not try to get a lower price than $18,500, and declined to see Henderson for that purpose, then the same constituted an abandonment of McClintock as a customer, and McCormack can not recover commission for a subsequent sale made to McClintock at $17,500."

The latter instruction if it had been given would have been misleading.    The evidence did not justify it. The only evidence in reference to the matter was that of McClintock, who in testifying said:

"I told him (McCormack) I did not believe he was trying to sell it to me; he was not treating me fair. I believed he could sell it cheaper; he could get it cheaper if he would go and see him again; he said he would not go; he said he was not going to see him; and he said he would not see him, either."    He was then asked if he and plaintiff both did not get impatient. He answered, "Yes, sir."    He thought plaintiff ought

to try and get the property cheaper for him and did not think he would try to do so. He was then asked the question: "That was what you wanted?" and answered, "Yes, sir," and, "he gave it up and he said so; he said, 'I would not fool with you and try and sell you anything.'" The fact that plaintiff declined to see defendant, at the instance of McClintock, in order to get him to reduce his price upon the property, would not of itself have justified the court in giving said instruction. He might have so declined with propriety, as he was not McClintock's agent, without any intention of abandoning his agency, much less without doing so.

It is true that said instruction given by the court on its own motion on the question of abandonment was faulty, as it did not submit to the jury the particular facts and circumstances from which such abandonment might have been inferred. Link v. Westerman, 80 Mo. App. 592; Henry v. Bassett, 75 Mo. 89. But as said instruction was not given at the instance of plaintiff and which was antagonistic to his claim, and which could not by any means have prejudiced the defendant, it was as to him a harmless error. He should have submitted a proper instruction including all the facts upon the question and left it to the jury to say whether, under all the evidence, the plaintiff did abandon his agency. It is not admissible to single out certain facts upon which to predicate a finding, thereby excluding all the other facts and circumstances in proof. State v. Hibler, 149 Mo. 478; State v. Rutherford, 152 Mo. 124; Chappell v. Allen, 38 Mo. 213; Rose v. Spies, 44 Mo. 20; Copp v. Hardy, 32 Mo. App. 588.

It is true that defendant's lowest price for which he authorized plaintiff to make the sale was $18,500 and that it was in fact sold for $17,500 by defendant himself. But as the evidence tended to show that plaintiff's contract was to sell or procure a purchaser, he substantially complied with his contract. Wright v. Brown, supra; Stine v. Blesch, supra; Tyler v. Parr,

supra, and Crone v. Trust Co., 85 Mo. App. l. c. 607. We do not find any conflict in the decisions of this State on the question as intimated by the defendant.

We believe the case was properly tried and that the finding under the law is supported by the evidence. For the reasons given the cause is affirmed. All concur.