(4 Misc. Rep. 194.)

## BRUMFIELD v. POTTIER & STYMUS MANUF'G CO.

(Common Pleas of New York City and County, General Term.   June 19, 1893.)

1. APPEAL—REVIEW.

Where an action was tried on the theory that plaintiff was entitled to recover for services rendered in effecting a lease of certain premises, and judgment was rendered in her favor, she cannot, on appeal, uphold such judgment on the theory that she was entitled to recover for services rendered in "attempting" to effect the lease.

2. TRIAL—EVIDENCE.

In such action, conversations between third persons, to which plaintiff was not privy, to prove that another effected the lease, were compenent; such conversations not being adduced to bind plaintiff, but to show by whom the letting was effected.  20 N. Y. Supp. 615, reversed.

Appeal from city court, general term.

Action by Eva Brumfield against the Pottier & Stymus Manufacturing Company to recover for services in letting defendant's property.  From a judgment of the general term of the city court (20 N. Y. Supp. 615) affirming a judgment on a verdict for plaintiff, defendant appeals.  Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Brewster Kissam, for appellant.

J. A. Dennison, for respondent.

PRYOR, J.  The fundamental question is whether the plaintiff was retained merely to render services in reference to the letting, to be paid for irrespective of their result, or whether her employment was that of a broker to effect a lease.  If the former, the judgment is unimpeachable; if the latter, it cannot stand, because of the exclusion of evidence tending to show that the plaintiff was not the procuring cause of the letting.  It is impossible to doubt that the action was tried and determined as a claim for compensation in effecting a lease of the premises.  The allegation of the complaint, denied by the answer, is that "the plaintiff rendered services in procuring such rental to be made."  The testimony, particularly of the witness Dennison, demonstrates that plaintiff's claim was for effecting the lease.  The trial judge submitted the case to the jury upon the issue whether the plaintiff was the procuring cause of the letting, and instructed them that if she was not the defendant was entitled to a verdict; and the opinion at general term states, explicitly, the issue to be whether "the plaintiff was the procuring cause of the letting."  At this ultimate stage of the controversy it is too late for the respondent to undertake to uphold her judgment on a theory not suggested on the trial, nor pretended on the appeal below.  Plaintiff's right of recovery, then, being dependent on the fact that she procured the letting, it was open to defendant, on the pleadings, to show that not the plaintiff, but another, brought about the letting, and the exclusion of evidence to the point was fatal error.  Goldsmith v. Cook, (Com. Pl. N. Y.) 14 N. Y. Supp. 878.

The respondent objects that the evidence offered in proof of the fact that another was the procuring cause of the contract, consisting of conversations between third parties, to which plaintiff was not privy, was incompetent; but manifestly the contention is untenable, for the negotiations were not adduced as binding the plaintiff, but as demonstrating the person by whom the letting was consummated. Not otherwise than by transactions between third parties could the fact be established that another, and not the plaintiff, procured the contract of letting.

We should add that appellant's point as to the invalidity of the lease is not well taken. Judgment reversed, and new trial ordered; costs to abide event. All concur.