[No. 5406.  Decided March 29, 1905.]

FREDERICK E. ELMENDORF, *Respondent, v.* THOMAS
GOLDEN, *Appellant.*[1]

BROKERS—ACTION FOR COMMISSIONS—PROCURING CAUSE — EVI-
DENCE—SUFFICIENCY—EMPLOYMENT OF TWO BROKERS. A broker is
entitled to his commissions, as being the efficient procuring cause
of the sale, where the property was listed with him for sale, ad-
vertised by him, and shown to a customer who received her first
knowledge thereof through him, and where he at once advised
the owner of the facts, although the customer afterwards in-
spected the property with another broker to whom the owner sold
the property, and who at once conveyed to the plaintiff's cus-
tomer for a nominal consideration; and there is in such case
no employment of two brokers calling for a division of the com-
missions.

TRIAL—NONSUIT—ERROR CURED BY INTRODUCTION OF EVIDENCE—
BROKER'S COMMISSIONS. In an action by a broker for commis-
sions, in which a motion for a nonsuit did not particularly point
out that the plaintiff had failed to prove the allegation that de-
fendant had agreed to pay the usual commission of five per cent,

1Reported in 80 Pac. 264.

error in overruling the nonsuit is cured by the defendant's proceeding with the case and introducing evidence that the usual commission was five per cent.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered April 19, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action for a broker's commissions.    Affirmed.

*Munter & Jesseph* and *Post, Avery & Higgins,* for appellant, cited: *Scott v. Lloyd,* 19 Colo. 401, 36 Pac. 733; Warvelle, Vendors, § 27, p. 241; *Thomas v. Merrifield,* 7 Kan. App. 669, 53 Pac. 891; *Stewart v. Woodward,* 7 Kan. App. 633, 53 Pac. 148; *Vreeland v. Vetterlein,* 33 N. J. L. 247; *Goldstein v. Walter,* 7 N. Y. Supp. 756; *Ward v. Fletcher,* 124 Mass. 224; *Babcock v. Merritt,* 1 Colo. App. 84, 27 Pac. 882; *McClave v. Paine,* 49 N. Y. 561, 10 Am. Rep. 431; *Wylie v. Marine Nat. Bank,* 61 N. Y. 415; *Francis v. Eddy,* 49 Minn. 447, 52 N. W. 42; *Baker v. Thomas,* 33 N. Y. Supp. 613.

*Danson & Huneke,* for respondent, contended, among other things, that whether a broker is the procuring cause is a question of fact for the jury.    *Eggleston v. Austin,* 27 Kan. 245; *Smith v. McGovern,* 65 N. Y. 574; *Livezy v. Miller,* 61 Md. 336; *Bickart v. Hoffmann,* 19 N. Y. Supp. 472.

Crow, J.—Some time prior to the making of the sale hereinafter mentioned, appellant, Golden, listed certain property with respondent, Elmendorf, a real estate broker, for sale at the price of $5,000, agreeing to pay a commission of five per cent.    Respondent immediately advertised the property, and about the middle of November, 1903, one Mrs. Fannie Goldstein, having seen the advertisement, called on respondent to make some inquiries, and the property was shown to her by respondent.    She

did not at that time disclose her name, but stated that she wished to consult a friend in whom she reposed confidence in business matters, and that she would see respondent again at an early date. Respondent immediately notified appellant of this interview, and described Mrs. Goldstein with such accuracy as to enable appellant to know her in the event of her calling upon him. A few days later Mrs. Goldstein called upon respondent, gave him her name, stated that her friend to whom she had referred was absent from the city, but that she had another friend whom she would consult in regard to the advisability of purchasing, and promised to see respondent again. This interview was also promptly reported to appellant by respondent.

It is undisputed that Mrs. Goldstein did consult the other friend, a Mr. Ostroski, who, upon thus learning of the property, examined it in company with one Sidney Rosenhaupt, another real estate broker, not theretofore employed by appellant. Rosenhaupt and Ostroski examined the property on the Sunday after the last interview of respondent with Mrs. Goldstein. On the following Monday Rosenhaupt and Ostroski secured an interview with Mr. Golden in which they agreed to purchase the property from him for $5,000, in the name of Mr. Rosenhaupt, who was to receive a commission of five per cent. At that time Mr. Rosenhaupt paid appellant $150 cash, and agreed to close the deal as soon as money was received from the east. On the same Monday appellant called upon respondent and notified him that he was selling the property to Mr. Rosenhaupt. Respondent immediately warned appellant that Rosenhaupt had his customer, Mrs. Goldstein, and that, if the property was sold to her, he would hold appellant for his commission. Appellant testified that he made inquiry of Mr. Rosenhaupt, as to whether he was buying the

property for Mrs. Goldstein, and that Rosenhaupt simply said, "I am buying that property." After receiving the $150, and before the deal was fully closed, appellant called upon one J. M. Corbet, in regard to a mortgage which Corbet held upon the property, and Corbet testified that, at said time, appellant stated that Mr. Rosenhaupt was buying the property for Mr. Elmendorf's customer. This testimony is not positively denied by appellant.

About ten days later, the deal was closed with Rosenhaupt, appellant making him a deed for the real estate. Rosenhaupt immediately conveyed the property to Mrs. Goldstein. The money paid for the real estate was undoubtedly furnished by Mrs. Goldstein. The deeds were immediately recorded, and appellant in his testimony says: "When I went home that night I read in the papers where I seen it was from Golden to Rosenhaupt for $5,000, and from Rosenhaupt to Mrs. Goldstein for $5, and I seen that there was something in it, as Elmendorf had told me." Then appellant denied that he had anything to do with the "game," as he termed it. Respondent immediately notified appellant that he would hold him for his commission. Appellant declined to pay, and this action was commenced to recover the same.

The complaint, in addition to other allegations, contained the following:

"That said Thomas Golden and wife conveyed said property to one Sidney Rosenhaupt, which conveyance was colorable only and intended for the benefit of Fanny Goldstein, and was made to said Rosenhaupt in trust for her, and said Rosenhaupt at once and as a part of the same transaction, and on the 2d day of December, 1903, conveyed said property to said Fanny Goldstein."

The answer consisted of denials only. Upon the trial the jury rendered a verdict for $250 in favor of respondent, a

motion for a new trial being denied, judgment was entered, and this appeal is taken.

Appellant makes several assignments of error which, however, cover only the following points: (1) That the court erred in denying appellant's motion for a nonsuit, at the close of respondent's evidence, and also in denying defendant's challenge to the sufficiency of the evidence, and motion for judgment at the close of all of the evidence in the case; (2) that the court erred in giving certain instructions to the jury.

In order that a broker may be entitled to recover compensation for his services, it is a well established principle of law that two facts must appear; first, that he was employed to make the sale; and second, that in pursuance of his employment he found a purchaser in a situation ready, able and willing to complete the purchase on the terms specified. In order that a broker may earn his commission he must be the efficient procuring cause of the sale. There is no question but that the customer, Mrs. Goldstein, was found through the efforts of respondent; that he first showed her the property; that she knew nothing of it until her attention was called to it by him; and that he immediately notified Golden of his interview with her, and that shortly afterwards she purchased the property. Appellant claims respondent is not entitled to recover because he did not complete the sale, and because the sale was in fact made by Mr. Rosenhaupt, another broker. In support of his position appellant cites a number of authorities, and invokes the following doctrine:

"Where several brokers are avowedly employed, the entire duty of the vendor is performed by remaining neutral between them, and he will have the right to make the sale to a buyer produced by any of them without being called upon to decide between the several agents as to which of them was the procuring cause."

The difficulty with appellant's position is that, in all cases cited by him, where the facts are shown, it affirmatively appears that both brokers had been previously employed by the owner and were competing.    Here respondent only had been employed, and Rosenhaupt did not appear in any manner, until after he had secured possession of respondent's customer, through the acts of Mr. Ostroski, the friend or agent of Mrs. Goldstein; and, if he was ever employed by appellant, it was after appellant knew respondent was negotiating a sale with Mrs. Goldstein, and at the time when appellant had no reason to suppose such negotiations had ceased.    We do not think the facts in this case show there were two brokers employed to sell the property, as contemplated in the authorities cited by appellant.    In *Dowling v. Morrill,* 165 Mass. 491, 43 N. E. 295, the supreme court of Massachusetts distinguishes the case of *Wood v. Fletcher,* 124 Mass. 224, one of the authorities cited by appellant, and, upon facts strikingly similar to those involved here, held the broker occupying respondent's position was entitled to recover.    The questions of fact as to whether respondent was employed by appellant, and whether he found a purchaser in a situation ready, able and willing to complete the purchase on the terms specified, were fairly submitted, and the jury found in favor of respondent.    We think the evidence sustains the verdict on such issues, and that the verdict should not be disturbed.

In support of his motion for a nonsuit, appellant contends that respondent in his complaint alleged an agreement to pay the usual commission of five per cent; that this allegation was denied; and that no proof in support of the same was introduced in respondent's opening case.    It is true that the record discloses no evidence on this issue as having been offered by respondent in his opening case. The record, however, fails to show that this point was

called to the attention of the trial court in the argument on the motion for a nonsuit, or that it was at the time stated as one of the grounds for the motion. In all probability, if it had at the time been called to the attention of respondent and the court, respondent would have asked and have been granted permission to introduce such evidence. Be that as it may, the motion was denied, and thereupon, appellant introduced his evidence. In doing so, he produced testimony sufficient to show that the usual commission was five per cent, or $250. In *Port Townsend v. Lewis*, 34 Wash. 413, 75 Pac. 982, this court speaking through Fullerton, J., said, at page 416:

"It is also immaterial whether or not the trial court erroneously refused to grant a nonsuit. By going on with the trial and introducing evidence on their behalf, the appellants waived any technical advantage they might have availed themselves of by such a motion. Of course, if the evidence of the respondent did not at that time warrant a recovery and the defect in the evidence was not subsequently supplied, the appellants can now successfully urge that the evidence before the court is insufficient to justify the findings and judgment, but the court must look to the whole of the evidence to ascertain that fact, not alone to the evidence of the respondent."

If appellant, in his motion for a nonsuit, was relying upon the absence of this evidence he could have rested his case and proceeded no further. But instead of doing so, he introduced evidence sufficient to supply any omission in this regard upon the part of respondent. We think the rule announced in *Port Townsend v. Lewis, supra,* should apply, notwithstanding this was a jury trial. It is our view that, on the entire record, the court did not err in denying the challenge to the evidence and the motion for judgment, and that, if there was any error in denying the motion for a nonsuit, the same was afterwards cured, and appellant is in no way prejudiced.

The only other error assigned is that the court erred in the giving of certain instructions.    This assignment is not discussed by appellant.    We have examined the instructions, and think they were fair and free from error. The case was properly submitted to the jury, and fairly tried.    The judgment of the superior court is affirmed.

MOUNT, C. J., RUDKIN, DUNBAR, and ROOT, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.