HOLLAND et al., Respondents, v. VINSON, Appellant.

St. Louis Court of Appeals, April 16, 1907.

1. **PRACTICE: Instruction Conforming to the Facts.** An instruction based upon an erroneous statement of the facts shown by the evidence should be refused.

2. **REAL ESTATE BROKER: Commission.** Where a real estate broker entrusted with the sale of the land procured a purchaser and while negotiating with him the owner closed a trade with the purchaser through another real estate broker at a less price than the price named to the first, the first broker was entitled to recover a commission from the owner.

Appeal from Stoddard Circuit Court.—*Hon. James L. Fort*, Judge.

AFFIRMED.

*N. A. Mozley* and *Ralph Wammack* for appellant.

The law of this State is well settled that a real estate broker to be entitled to his commission, must make a sale of the land in accordance with the conditions imposed by the owner, at the time he undertakes to sell the land, in other words, a real estate broker must not only produce a responsible, solvent purchaser who is ready and willing to buy the land, but he must produce one who is ready and willing to buy for the price, and upon the conditions prescribed by the owner, in his contract with the broker. Reiger v. Bigger, 29 Mo. App. 427; Hayden v. Grillo, 26 Mo. App. 289; Warren v. Cram, 71 Mo. App. 641; Harkness & Russell v. Briscoe, 47 Mo. App. 202; Zeidler v. Walker, 41 Mo. App. 118; Lunney v. Healy, 44 L. R. A. 593.

*H. H. Larimore* for respondent.

(1)   If an agent introduces the purchaser, or discloses his name to the owner, and because of such intro-

duction or disclosure, negotiations are begun, and a sale of the land is effected, the agent is entitled to his commission, even though the sale is made, and the negotiations concluded by the owner himself. Bass v. Jacobs, 63 Mo. App. 393; Tyler v. Parr, 52 Mo. 249; Timberman v. Craddock, 70 Mo. 638; Gelatt v. Ridge, 117 Mo. 553; Salle v. McMurry, 113 Mo. App. 253. (2) It has been repeatedly declared by the appellate courts of this State, that where real property has been placed in the hands of a real estate agent for sale, and a sale is brought about by his efforts, or if he is the proximate and procuring cause of the sale being made, he is entitled to the commission. Wetzell v. Waggoner, 41 Mo. App. 509; Brennan v. Roach, 47 Mo. App. 290; Henderson v. Mace, 64 Mo. App. 393.

GOODE, J.—Defendant owned a farm in Stoddard county and desiring to sell it placed it in the hands of several real estate agents in the city of Dexter; among others the plaintiff and a concern known as the Dexter Land Company. The firm of Wilson & Riber, of Decatur, Illinois, were real estate agents who co-operated with the plaintiffs by putting men in Illinois who wished to buy land in Stoddard county in communication with plaintiffs. If a sale was made to the Illinois customers, plaintiffs and Wilson & Riber divided the commission. Defendant's land was sold to a man by the name of W. I. Moore, who was procured by plaintiffs through Wilson & Riber. After defendant had put his farm in plaintiffs' hands for sale, they wrote Wilson & Riber about it. Riber interested Moore, a citizen of Illinois in the farm, went with him to Stoddard county to see it, and introduced him to plaintiffs. Holland, one of the plaintiffs, took Moore and Riber to view the farm, introduced them to Vinson, showed Moore the farm and pointed out its advantages. Moore became interested and finally bought the farm from the Dexter Land Company while

he was still haggling with plaintiffs over terms of sale
and insisting on the rent for the year being allowed
him. With the bargaining in this State and Moore still
in Dexter, Vinson sold to him through the Dexter Land
Company for a less price than he had authorized plain-
tiff to accept—thirty-six cents an acre less. Moore
swore plaintiffs showed him the farm three or four times;
that he stayed at Holland's house for several days; that
the only thing in the way of closing the sale with plain-
tiff was the question of rent; that he bought the farm
about eight days after the negotiation with plaintiffs
was begun and would not have bought it if it had not
been shown to him by plaintiffs; that Vinson sold it to
him for a less price than had been discussed between
him and Vinson, in the presence of Holland & Blaken-
ship, a few days before, and that the Dexter Land Com-
pany told him (Moore) that he could have the benefit
of part of their commission if he would permit them
to take credit for the sales; that Vinson refused to allow
Holland & Blakenship to make any concession in order
to effect the sale; that he had a talk with Vinson in the
presence of a member of the Dexter Land Company about
half an hour before he purchased the land, and Vinson
then said Holland & Blankenship were on the land with
other parties and nothing could be done until they re-
turned. Vinson testified that Holland said what was
in the way was Moore's demand for the rent for a year,
which Vinson did not like to grant; that the negotiation
went on for several days, at the end of which time he
learned Moore was still in town but had not closed the
deal and plaintiffs were not sure they could close it with
him; that the night before the deed was made, Vinson
learned the Dexter Land Company had sold to Moore;
that he notified Holland of this fact and Holland said
the Dexter Land Company had stolen their customer,
and asked Vinson not to make the deed until some other
parties, who had been shown the farm by plaintiffs, de-

cided whether they would take it or not; that Vinson did not agree to wait on that matter, but made the deed. The other testimony for the defendant went to show that when the farm was sold through the Dexter Land Company, the negotiation between plaintiffs and Moore was still in progress.

Complaint is made of the refusal of the court to grant an instruction requested by the defendant, stating, in substance, that if the defendant had given plaintiffs and the Dexter Land Company the right to sell the farm for $5,300 and had informed plaintiffs they could not have the exclusive "option" to sell same, but that the agency which sold first "would get the trade; and that plaintiff accepted said lands for sale on said terms and conditions, and that the Dexter Land Company sold defendant's land to Moore, without interference or assistance by defendant to influence the trade one way or the other; and that plaintiffs, prior thereto, had not closed a deal for said land, you (the jury) will find the issues for the defendant; and this, although you may find from the evidence that the purchaser, Moore, was the customer of plaintiffs and that they introduced him to defendant and showed him defendant's land." Said instruction was bad as applied to the facts of this case and was rightly refused. The evidence shows without contradiction that plaintiffs found Moore as a purchaser, showed him the farm several times, furnished him entertainment, introduced him to defendant and were in active negotiation with him when the sale was made by defendant, through the Dexter Land Company for a smaller price than plaintiffs were authorized to accept. This was simply the Dexter Land Company taking plaintiffs' customer out of their hands and defeating their chance of a sale to him by selling for a smaller price before plaintiffs had abandoned the matter, or the customer had ceased to bargain with them, or they had received any notice of the determination of their agency.

Moreover, defendant interfered and assisted the Dexter Land Company by authorizing said company to sell for less than the price plaintiffs were allowed to accept. If such a course of business was tolerated a real estate broker never would feel sure of his commission. But it is not tolerated. The law will not permit one broker who has been entrusted with the sale of land and is working with a customer whom he has found, to be deprived of his commission by another agent stepping in and selling to said customer for less than the first broker is empowered to receive. The landowner does wrong to grant such authority to the interfering broker and is bound to pay the one who procures the buyer. [Stinde v. Blesch, 42 Mo. App. 578; Brennen v. Roach, 47 Mo. App. 290; Henderson v. Mace, 64 Mo. App. 393; McCormack v. Henderson, 100 Mo. App. 647, 75 S. W. 171.] The conclusion is almost irresistible that the sale was concluded in the manner it was in order to beat plaintiffs out of their compensation. Whether that was true or not, the sale was made to their customer, and one whom they had procured by their own efforts, before he had refused to buy from them and while they were endeavoring to sell to him. The whole matter happened in a week.

The judgment is for the right party and is affirmed. All concur.