[No. 8339.   Department Two.   December 27, 1909.]

ROBERT L. DALKE, *Appellant*, v. W. C. SIVYER, *Respondent*.[1]

BROKERS—COMMISSIONS—EFFICIENT CAUSE OF SALE. A broker is ·not entitled to recover part of a commission agreed upon between him and defendant, another broker, where it appears that the defendant had the property listed for sale at $50,000, and agreed to ·divide commissions with plaintiff if a sale was made to plaintiff's prospective customer, whose name was given to defendant, and who .made an offer of $42,000 through another broker who also had the property listed for sale, which offer was accepted by the owner; since it does not appear that plaintiff was the efficient cause of the sale.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 29, 1909, upon findings in favor of the defendant, in an action to recover a broker's commissions, after a trial before the court without .a jury. Affirmed.

*O. C. Moore*, for appellant, cited: *Hovey & Brown v. Aaron*, 133 Mo. App. 573, 113 S. W. 718; *Hoadley v. Savings Bank of Danbury*, 71 Conn. 599, 42 Atl. 667, 44 L. R. A. 321; *Ice v. Maxwell*, 61 W. Va. 9, 55 S. E. 899;

[1]Reported in 105 Pac. 1031.

*Oliver v. Katz*, 131 Wis. 409, 111 N. W. 509; *Hubachek v. Hazzard*, 83 Minn. 437, 86 N. W. 426; *French v. McKay*, 181 Mass. 485, 63 N. E. 1068; *McMillan v. Beves*, 147 Fed. 218; *Carnes v. Finigan*, 198 Mass. 128, 84 N. E. 324; *Howe v. Werner*, 7 Colo. App. 530, 44 Pac. 511; *Martin v. Silliman*, 53 N. Y. 615; *Lloyd v. Matthews*, 51 N. Y. 124; *Schlegal v. Allerton*, 65 Conn. 260, 32 Atl. 363; *Wood v. Wells*, 103 Mich. 320, 61 N. W. 503; *Jennings v. Trummer*, 52 Ore. 149, 96 Pac. 874; *Elmendorf v. Golden*, 37 Wash. 664, 80 Pac. 264; *McCormack v. Henderson*, 100 Mo. App. 647, 75 S. W. 171; *Tinsley v. Scott*, 69 Ill. App. 352; *Glade v. Eastern Illinois Min. Co.*, 129 Mo. App. 443, 107 S. W. 1002; *Crane v. McCormick*, 92 Cal. 176, 28 Pac. 222. The fact that the sale was made to a purchaser without knowing that the purchaser was procured through the instrumentality of the broker is immaterial. 4 Am. & Eng. Ency. Law (2d ed.), 979, 980; *Lawson v. Black Diamond Coal Min. Co.*, 53 Wash. 614, 102 Pac. 759; *Barnes v. German Savings & Loan Society*, 21 Wash. 448, 58 Pac. 569; *Von Tobel v. Stetson & Post Mill Co.*, 32 Wash. 683, 73 Pac. 788; *Butler v. Kennard*, 23 Neb. 357, 36 N. W. 579; *Craig v. Wead*, 58 Neb. 782, 79 N. W. 718; *Rounds v. Alee*, 116 Iowa 345, 89 N. W. 1098; *Bowe v. Gage*, 132 Wis. 441, 112 N. W. 469, 12 L. R. A. (N. S.) 265.

*Charles P. Lund, L. R. Hamblen,* and *W. S. Gilbert,* for respondent, cited: *Frink v. Gilbert*, 53 Wash. 392, 101 Pac. 1088, and cases cited. *Ayres v. Thomas*, 116 Cal. 140, 47 Pac. 1013; *Votaw v. McKeever*, 76 Kan. 870, 92 Pac. 1120; *Babcock v. Merritt*, 1 Colo. App. 84, 27 Pac. 882.

PER CURIAM.—Briefly stated, the controlling circumstances in this case are about as follows: Edward H. Blake, living in Bangor, Maine, owned lots 15 and 16, of block 101, of Third addition to Railroad addition to Spokane Falls, and W. C. Sivyer, the respondent, was the agent of the owner, and had the property listed for sale at the price of $50,000.

About the 1st of March, the appellant, Robert L. Dalke, a real estate broker in Spokane, went to the office of the respondent, and told him that he had a prospective buyer for these lots, and asked Sivyer if he would divide his commission with him if he should make a sale to this prospective purchaser. Sivyer agreed to do so, Dalke testifying that he was to have two-thirds of the commission, and Sivyer that he agreed to give him only one-half of the commission. Otherwise their testimony was not greatly different. Both of them testified that Dalke told Sivyer that his prospective purchaser's name was Linney, and that he gave Mr. Sivyer a card with Linney's name on it. Sivyer also told Dalke that the owner would probably discount the property for five per cent for cash, and that that would be probably the lowest price.

It seems that Linney was an acquaintance of another real estate broker in Spokane, by the name of George M. Colburn; that he passed backwards and forwards between the offices of these two agents for several days, conferring with both of them, and also with other real estate agents in Spokane. Colburn also had this property listed for sale, and had it so listed when the offered price was $40,000. This, Linney ascertained from Colburn, and he instructed Colburn to offer $42,000 for the land. Colburn thereupon repaired to Sivyer's office and asked him if he thought it would be worth while to make such an offer to Blake. Sivyer thought it would not, but Colburn asked him to telegraph the offer to Blake, and said that he—Colburn—would pay the expenses of the telegram. At the same time he paid down $1,000 in money, or gave his check for that amount, as earnest money. As Sivyer testifies, to his surprise Blake accepted this proposition, and in due course the sale was made to Linney. It does not appear that, at the time this proposition was made and accepted, Sivyer knew who the purchaser was, the $1,000 being paid by Colburn. The next day after the offer was accepted, Linney told Dalke that he had bought this prop-

erty of Colburn.  Dalke demanded his commission of Sivyer, which was refused, and this action was brought to recover the same.

It is well established that an agent or owner cannot list property with a broker and, after such broker has procured a purchaser for the land at the agreed price, sell said land himself to said purchaser and refuse to divide the commission with the broker; this on the theory that he will not be allowed to appropriate to his own benefit the time, enterprise, or energy of the broker.  It is also well settled that, where the owner or agent lists property with different brokers for sale, the contracts not being exclusive, the brokers run a race of energy for the prize, viz., the commission; that they enter into a competition in this respect, and that no matter how much effort or time a broker may have expended in attempting to make a sale, he cannot complain if his competitor reaches the goal before he does by securing a purchaser who is ready, able, and willing to purchase.  This, however, is a peculiar case, and we have not been able to find one exactly like it in all the cases reported.  It is contended by the appellant that the law is that if defendant, while plaintiff's authority to sell stood unrevoked, chose to sell the property, either in person or through another agent, to a customer procured by the efforts of plaintiff, for a less price than that which plaintiff was authorized to offer, that would be his privilege; but that he should not be permitted to reap the fruits of plaintiff's labor and then deny him his just reward. *Hovey v. Aaron*, 133 Mo. App. 573, 113 S. W. 718, is cited to sustain this principle.  In that case, the court quoted from *Hogan v. Slade*, 98 Mo. App. 44, where it was said:

"If the owners chose to close a deal to Hogan's customer, Greenwood, through other agents and at a lower price than was named to Hogan, while the latter's agency was unrevoked and he was still working with his customer at the price named to him, they must pay Hogan his commission; otherwise, any real estate agent who had borne the burden and

heat of the day in working up a sale might have his reward snatched from him at the eleventh hour by his principal empowering some one else to sell at a smaller price."

These two cases, together with *Holland v. Vinson*, 124 Mo. App. 417, 101 S. W. 1131, have some tendency to support appellant's contention. But in all those cases there was this distinguishing feature that it appeared that the plaintiff in each case was the efficient cause in procuring the purchaser; and that was the rule laid down by this court in *Elmendorf v. Golden*, 37 Wash. 664, 80 Pac. 264. In *Hovey v. Aaron*, *supra*, the court said: "Plaintiffs' evidence very strongly tends to show that they were employed by defendant and that their efforts were the procuring cause of the sale to Braley." This was the turning point in the decision of that case; and so with the other cases, and all other cases that we have been able to find on this question.

But in this case it does not appear from the testimony, even of the appellant, that he was the procuring and efficient cause, or any cause at all. It is true that he showed this property to Linney, the purchaser, but it is also true that Colburn had shown him the property, and talked with him about it, and had urged him to purchase it, as the appellant had. While it is unfortunate that a man should be placed in the position in which appellant was—for it is apparent that he would be unable to reap the fruits of endeavor when he was undertaking to sell a property for $50,000 which somebody else was authorized to sell for $42,000—yet, the testimony is free of any suggestion that there was collusion between Sivyer and the purchaser or his agent to in any way overreach the appellant. It was a circumstance which might occur under the custom which seems to prevail of allowing different agents to list the same property, and when the agent does consent to list property, knowing that others are engaged in the same business, he must naturally expect that exigencies of this kind will arise. Sivyer had this property for sale. It was his duty in the interest of his client to sell

it if he could, and when the proposition was made to him by Colburn, it was his duty to submit that proposition to the owner. When the owner accepted it, it can readily be seen that it would have embarrassed the situation and might have led to the prevention of the sale, if he had made known to Dalke the situation before the sale was completed. This being, as we have said, an incident which might reasonably arise under the custom prevailing, and the respondent having acted in good faith and having divided the commission with the agent who, at all events, brought forward the purchaser who consummated the deal by paying the purchase price, we think that the appellant was without remedy, and the judgment will be affirmed.