[No. 12693.   Department Two.   August 13, 1915.]

M. C. HAYDEN, *Appellant*, v. W. C. ASHLEY *et al.*,
*Respondents.*[1]

BROKERS—ACTION FOR COMMISSIONS—PROCURING CAUSE OF SALE—
EVIDENCE—SUFFICIENCY.   A broker, with whom property had been
listed for sale, but not exclusively, is not the efficient procuring
cause of the sale, and therefore not entitled to commissions from
the owner, where it appears that, with the owner's consent, he sent
the listing to brokers in Spokane in the hope of effecting a trade,
in which, according to custom, such brokers might collect their com-
mission from the other party, but without informing the owner of
the manner in which the brokers would adjust their commissions,
that one of the Spokane brokers in turn sent the listing to another
broker, who produced a customer and closed a deal for the sale or
exchange of the property, charging the owner a commission which
the owner paid.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered September 26, 1914, upon
granting a nonsuit, dismissing an action to recover broker's
commissions, tried to the court and a jury.   Affirmed.

*Moulton & Jeffrey* and *McCarthy, Edge & Davis*, for ap-
pellant.

*Charles P. Lund*, for respondents.

MAIN, J.—The plaintiff brought this action for the pur-
pose of recovering a commission on the sale of real estate
claimed to be due him from the defendants.   The defendants
denied liability.   After the issues were framed, the cause in
due time came on for trial before the court and a jury.   At
the conclusion of the evidence introduced on behalf of the
plaintiff, the defendant challenged the sufficiency thereof,
and moved the court to withdraw the case from the jury
and enter a judgment in favor of the defendants.   This mo-
tion was sustained, and a judgment was entered dismissing
the action.   The plaintiff appeals.

[1]Reported in 150 Pac. 1147.

The facts are as follows: On the 1st day of September, 1911, and for some time prior thereto, the appellant had been engaged in the real estate brokerage business at Lind, Washington. The respondents were the owners of a farm of considerable size located within a few miles of Lind. On the date mentioned, the respondents, in writing, listed their farm for sale with the appellant. This listing provided that, in the event of a sale or trade, the appellant should be entitled to a commission of two and one-half per cent upon the amount for which the farm was disposed of. The listing was not an exclusive one. At the time the listing was made, the appellant informed the respondents that he had a brother engaged in the real estate business in Spokane, and that he would forward the listing to him, as well as to another or other brokers. Thereafter the listing was forwarded by the appellant to his brother, who in turn listed the property with one Larsen, who also was engaged in the real estate business at Spokane. The purpose of sending the listing to Spokane seems to have been to enable brokers there to match up the property, that is, if any broker at Spokane to whom the listing was sent had a client with property to trade, and exchange was made for the farm of the respondents, the Spokane broker would collect his commission from his own client, and the appellant would collect from the respondents. This appears to have been in accordance with a custom which existed among brokers. The respondents, however, were not advised by the appellant as to the method by which, in the event of a trade, the brokers would adjust their commission. They were only informed that the listing would be sent to brokers in Spokane. This appears not to have been disapproved of by the respondents.

During the month of September, 1913, Larsen, with whom the property had been listed, as above indicated, produced a customer for the farm of the respondents, and a deal was closed for the sale or exchange of the property. The respondents thereupon paid to Larsen a commission. The ap-

pellant did not produce the customer to whom the farm passed, nor did he have anything to do with effecting a transfer to him. After the listing and prior to the time when the deal was closed through Larsen's customer, a number of propositions had been submitted to the respondents by the appellant which were declined. The appellant does not claim that Larsen was his subagent or representative in the deal which was closed. The appellant's position is that, since he selected the agency through which the trade was made, the property has therefore been "traded by him."

Before a broker with whom property has been listed can recover compensation for his services, he must show that he was the efficient cause of procuring the sale. *Elmendorf v. Golden*, 37 Wash. 664, 80 Pac. 264. A broker is the efficient procuring cause of a sale when he produces a customer who is ready, willing, and able to purchase the property which has been listed with him. In *Frink v. Gilbert*, 53 Wash. 392, 101 Pac. 1088, it was said:

"It is a fundamental proposition that a real estate agent who produces a customer who is ready, willing, and able to buy, is entitled to his commission, although the vendor takes the matter in his own hands and sells to another. This rule has been frequently announced by this court [Citing authorities]."

Where property is listed for sale with different brokers, the contracts not being exclusive, the broker who first secures a purchaser who is ready, willing, and able to purchase is entitled to the commission. In *Dalke v. Sivyer*, 56 Wash. 462, 105 Pac. 1031, 27 L. R. A. (N. S.) 195, it was said:

"It is also well settled that, where the owner or agent lists property with different brokers for sale, the contracts not being exclusive, the brokers run a race of energy for the prize, viz., the commission; that they enter into a competition in this respect, and that no matter how much effort or time a broker may have expended in attempting to make a sale, he cannot complain if his competitor reaches the goal

before he does by securing a purchaser who is ready, able, and willing to purchase."

Applying the rules stated to the facts of the present case, we think the evidence was not sufficient to carry the case to the jury. The property having been listed with Larsen by the appellant in the manner stated, the situation was not different from what it would have been had this listing been made by the respondents themselves. If the listing with Larsen had been made by the respondents, it doubtless would not be contended that the appellant had any claim against the respondents for a commission. It would be an extreme and unjust rule which would permit a broker with whom property is first listed to send the listing to other brokers with the consent of the owners, and in the event of a sale by any of the other brokers with whom the property is listed, thus make the owner liable to him for a commission, notwithstanding the fact that he had nothing to do with producing the purchaser with whom the trade was finally made.

Whether or not the appellant has a cause of action against Larsen for a portion of the commission which was paid to him is a question not in this case, and we therefore express no opinion upon it.

The judgment will be affirmed.

MORRIS, C. J., ELLIS, and FULLERTON, JJ., concur.