### CHAMBERS et al. v. FARNHAM et al.

(Circuit Court of Appeals, Seventh Circuit.   October 3, 1916.)

#### No. 2167.

1. BROKERS &⊃85(1)—ACTIONS FOR COMMISSIONS—EVIDENCE.
   In an action by plaintiffs for commissions earned as brokers in effecting a sale, evidence that defendants in good faith paid another broker commission, and that after the sale was made he demanded the same, is inadmissible, for those facts would not affect the right of plaintiffs to commissions if earned.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106, 108, 110, 115; Dec. Dig. &⊃85(1).]

2. BROKERS &⊃85(4)—COMMISSIONS—RIGHT TO.
   When a broker finds a prospective purchaser to whom a sale is subsequently made without the negotiations having been terminated, the intervening act of an outsider will not prevent the broker from collecting his commission, though the purchaser may have been finally persuaded to buy through the advice of such outsider. Therefore, in an action by plaintiffs for commissions earned as brokers, evidence that a sale to one first introduced by them was consummated by another is not admissible without showing that such third person was employed to sell the property.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 107; Dec. Dig. &⊃85(4).]

---

&⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. TRIAL ⊙═▷143—JURY QUESTION—EMPLOYMENT OF BROKER.
  Where, in an action by plaintiffs claiming commissions as brokers, the evidence as to the employment of another broker who effected the sale was conflicting, the question was for the jury.
  [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. ⊙═▷143.]

4. BROKERS ⊙═▷85(4)—COMPENSATION—ACTIONS—EVIDENCE—ADMISSIBILITY.
  Where defendants contended that the sale was effected, not by plaintiffs, but by another broker, and his employment was shown, evidence of his representations to the purchaser, who was introduced to defendants by plaintiffs, and his efforts made in effecting the sale, is admissible on the issue of procuring cause.
  [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 107; Dec. Dig. ⊙═▷85(4).]

5. APPEAL AND ERROR ⊙═▷837(12)—REVIEW—OFFER OF PROOF.
  In determining the propriety of rejecting an offer of proof, the entire offer, and not isolated portions, should be considered.
  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3276; Dec. Dig. ⊙═▷837(12).]

6. BROKERS ⊙═▷86(1)—COMPENSATION—OFFER OF PROOF.
  In an action for commissions claimed by plaintiffs, where defendant had paid the commission to another broker, an offer of proof that the other broker told one of defendants he had come to buy the property for the purchaser, and offered a sum stated, does not show that the second broker was the agent for the purchaser, though indicating that such broker had previously brought the parties together, for brokers often refer to purchasers as their clients.
  [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 117, 118; Dec. Dig. ⊙═▷86(1).]

7. BROKERS ⊙═▷85(6)—ACTIONS FOR COMMISSIONS—EVIDENCE—ADMISSIBILITY.
  Plaintiffs, who first introduced a purchaser to defendants, claimed commissions for a sale subsequently effected, though defendants paid commissions to a second broker on the theory that he was the procuring cause. Statements by the purchaser that he had abandoned all thoughts of buying, until the second broker demonstrated how he could increase the rental, was rejected. Held, that such testimony was admissible on the question of abandonment and procuring cause.
  [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 111; Dec. Dig. ⊙═▷85(6).]

8. TRIAL ⊙═▷139(1)—JURY QUESTION—WEIGHT OF EVIDENCE.
  The weight to be given testimony is a question for the jury.
  [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341; Dec. Dig. ⊙═▷139(1).]

9. TRIAL ⊙═▷192—INSTRUCTIONS—ASSUMPTION OF FACTS.
  In an action for commissions claimed by a real estate broker, where the amount was fixed by written correspondence, and the question in issue was whether plaintiffs were entitled to any commissions, the court may properly charge that the amount of recovery was not in dispute.
  [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. ⊙═▷192.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Harry J. Farnham and Edward M. Willoughby, copartners, doing business as Farnham, Willoughby & Co., against Frank R. Chambers, Edward Trowbridge Hall, Patrick F. Griffin, and Frank S.

Turnbull, surviving partners, doing business as Rogers, Peet & Co.. There was a judgment for plaintiffs, and defendants bring error. Reversed, and new trial ordered.

Action for real estate broker's commission. Verdict and judgment for plaintiffs.

Plaintiffs in error, herein called "defendants," entered into an agreement with defendants in error, herein called "plaintiffs," brokers, for the sale of defendants' real estate, situated in the city of Chicago. The employment was evidenced by letters. The agency was not exclusive, and other brokers were employed.

Defendants subsequently sold the property to Simon W. Straus, the value of the entire property being figured at $982,000, the value of the leasehold being fixed at $250,000. Negotiations for such sale to Straus were begun by one Bechtel, an independent real estate dealer who shortly thereafter entered the employ of plaintiffs, and negotiations were continued by plaintiffs, who at the time were also engaged in looking after the building. Such negotiations began in September and continued until the latter part of November, during which period the plaintiffs failed to secure a bid satisfactory to the defendants. In the latter part of December one of the defendants, while in Chicago, had a talk with one of the plaintiffs, and on the same trip met a Mr. Thorpe, a real estate broker, who up to this time was a stranger to the defendants. Thereafter Thorpe endeavored to interest Straus in the sale of this property, and continued his endeavors until February 2d, when the deal was consummated in New York; Thorpe and Straus both being present. Both Thorpe and plaintiffs immediately demanded that defendants pay them a commission, and upon defendants' failure to pay plaintiffs this action was brought. The alleged errors arise out of the rejection of testimony and the charge to the jury. Reference to the latter will be made in the opinion.

The court excluded all evidence tending to show Thorpe, and not the plaintiffs, was the procuring cause of the sale. The court excluded evidence which defendants claim tended to show that both plaintiffs and Straus had abandoned their negotiations before Thorpe took up the deal. The court excluded evidence showing that defendants paid Thorpe a commission of $10,000, and also denied defendants' offer to show that Thorpe immediately after the deal was consummated in New York demanded his commission.

Isaac Mayer, of Chicago, Ill., for plaintiffs in error.

Sidney Adler and Charles Lederer, both of Chicago, Ill., for defendants in error.

Before MACK, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). [1] Complaint is made because the court excluded the proffered proof showing that Thorpe was paid a commission for the sale of this property to Straus. This evidence was properly excluded. Subsequent payment by the defendants, to Thorpe, even though made in good faith, could not determine or prejudice the plaintiffs' right to a commission. Nor could the demand for the payment of a commission by Thorpe, after the sale was made, throw any light upon the issues presented by plaintiffs' action.

[2, 3] Complaint is made because the court excluded certain evidence offered for the purpose of showing that plaintiffs had abandoned the deal, and that Straus had abandoned all negotiations with plaintiffs some time prior to the sale on February 2d. Further complaint is made because of the rejection of this and other evidence, tending to show that Thorpe consummated the sale.

Plaintiffs' contention that an outsider, in no way employed to effect a sale, cannot by his acts prevent the broker from recovering a commission (other facts being present to justify a recovery), is supported by the authorities. When a broker finds a prospective purchaser to whom a sale is subsequently made, and the negotiations between such broker and such purchaser have not been terminated, the intervening act of an outsider will not prevent the broker from collecting his commission, notwithstanding the purchaser may have been finally persuaded to buy through the advice of such outsider. Elmendorf v. Golden, 37 Wash. 664, 80 Pac. 264; Dowling v. Morrill, 165 Mass. 491, 43 N. E. 295; Rigdon v. More, 226 Ill. 382, 80 N. E. 901.

This being the rule, Thorpe's part in the negotiations leading to this sale became immaterial, unless there was sufficient evidence of the employment of Thorpe by the defendants to raise a jury question. The evidence on this issue is very meager. Satisfactory proof, either direct or inferential, of the actual relation between the defendants and Thorpe, is lacking. Such proof as does appear gives rise to conflicting inferences and conclusions as to Thorpe's employment. Considering all of the evidence, however, we are forced to the conclusion that the question whether Thorpe represented either or any of the parties in the transaction was properly for the jury.

[4] If Thorpe was employed, either by express or implied contract, by the defendants to sell this property, then the rejected evidence was material. The offer to prove the representations made by Thorpe, as well as the efforts by him made, as well as the resulting effect of such services upon Straus, were all relevant upon the issue of procuring cause. Grieb v. Koeffler, 127 Wis. 314, 106 N. W. 113; Brumfield v. Pottier, 4 Misc. Rep. 194, 23 N. Y. Supp. 1025; Whitcomb v. Bacon, 170 Mass. 479, 49 N. E. 742, 64 Am. St. Rep. 317.

[5, 6] Nor can we agree with the plaintiffs' counsel that defendants' offer tended to prove Thorpe was the agent of Straus rather than the agent of the defendants. The entire offer should be considered together, and as such it did not of necessity show Thorpe the agent of Straus.

The particular part of the offer which plaintiffs refer to as showing that Thorpe represented Straus was as follows:

"Defendants further offer to prove a conversation between Mr. Thorpe and Mr. Chambers in New York on the first day of February wherein Mr. Thorpe told Mr. Chambers that he had come down to buy the building for Mr. Straus and that he offered $250,000, etc."

This offer was but a part of a much more comprehensive offer indicating that Thorpe had previously brought Straus and the defendants together to discuss the details of payment, and that the sum of $250,-000 had been previously fixed, and the only difference between them was over terms of payment.

If this were all the offer, however, it is our conclusion that the language would not necessarily require the conclusion that Thorpe was acting as the agent of Straus in purchasing this property. A real estate broker not infrequently speaks of the prospective purchaser as

"his client" or "his customer" while he is in fact the broker employed by the seller to dispose of the property.

[7, 8] The court also erred in excluding evidence tending to show abandonment of the negotiations by Straus as well as by the plaintiffs prior to the sale on February 2d.

Plaintiffs do not deny proof of abandonment was relevant. They contend, however, that the proof received, as well as the evidence rejected, failed to establish abandonment of the deal, either by Straus or by the plaintiffs. The District Court concluded otherwise, and submitted to the jury as one of the issues in the case the question of abandonment of the deal on the part of the plaintiffs prior to the purchase by Straus.

This rejected testimony consisted of statements made by Straus to the effect that he was not interested in the building at the time Thorpe put up the proposition to him, and that he had dropped the matter; that he did not become interested again until Thorpe pointed out to him how he could increase the rentals, and agreed to deposit $7,000 to guarantee the statements by him made; that Thorpe produced a tenant willing to pay a higher rent for the ground floor, etc.

It was for the jury to determine the weight to be given such testimony, but such testimony bore upon both issues—abandonment and procuring cause—and should have been received. McGuire v. Carlson, 61 Ill. App. 295; Day v. Porter, 161 Ill. 235, 45 N. E. 1073; Larson v. Thoma, 143 Iowa, 338, 121 N. W. 1059; Mutual Life Ins. Co. v. Hillman, 145 U. S. 285, 12 Sup. Ct. 909, 36 L. Ed. 706.

[9] Complaint is also made because of the instructions of the court to the jury.

The first complaint is that the court erred in instructing the jury that the amount of the recovery was not in dispute. In so charging the jury, no error was committed. The letters between the parties and their conduct clearly showed the amount of the commission was fixed and determined.

Other objections to the charge need not be specifically considered. If Thorpe was the agent of Straus in the negotiations leading to the sale, or if Thorpe was an outsider in no way employed by the defendants, then the court committed no error in its charge to the jury. If on a new trial upon a full disclosure as to Thorpe's relation with the defendants it appears that he was acting for the defendants, or his actions were knowingly ratified so as to create an implied contract on the part of defendants to pay a commission, then the court should give additional instructions to cover any issue thus presented.

The judgment is reversed, and a new trial ordered.