## S. J. COX REAL ESTATE COMPANY, Appellant, v. JOHN FRENCH, Respondent.

### Springfield Court of Appeals, January 8, 1912.

1. **EVIDENCE: Question Calling for Conclusion: Real Estate Brokers.** In an action to recover a real estate agent's commission for the sale of defendant's farm, the purchaser of the farm, a witness on behalf of defendant, was asked: "If the purchase of the farm was through the procurement of the plaintiff." *Held*, that plaintiff's objection should have been sustained for the question called for a conclusion.

2. **INSTRUCTIONS: Real Estate Brokers: "Prime" Cause of Sale.** In an action to recover a real estate agent's commission for the sale of defendant's farm, where the question in issue was whether or not plaintiff was the procuring cause of the sale, the instructions given had properly covered every phase of the case, but the court gave another instruction to the effect that before the plaintiffs could recover they must show by the greater weight of the evidence that they were the "prime" cause of the purchase of said land. *Held*, that in the use of the word "prime" this instruction was erroneous and misleading.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED.

*J. N. Burroughs* for appellant.

(1) The court erred in admitting the statement of witness Davidson, to the effect that plaintiffs had nothing to do with him making the deal; that plaintiffs were not the procuring and inducing cause of the sale. Stinde v. Blesch, 42 Mo. App. 578. (2) Defendant's instruction No. 4, which requires plaintiffs to show that they were the prime cause of the sale to Davidson is highly prejudicial. The term used is unknown to the law. It is not even defined so that the jury might know its meaning. The jury might well have construed the term to mean anything their whim and caprice might have directed or suggested.

*Henry Green* for respondent.

COX, J.—Action for commission for sale of real estate as real estate agents. Trial by jury, verdict for defendant and plaintiffs have appealed.

Defendant was the owner of a farm in Oregon county which was sold to one Davidson. Plaintiff is a real estate firm composed of S. J. Cox and John Morrison. Morrison went with Davidson to defendant's farm and the farm was looked over and there was some conversation about the price between Davidson and the defendant. About a week later Davidson went back and bought the farm from defendant. The question at issue on the trial was whether or not Morrison was the inducing cause of the negotiations which resulted in the sale, being started.

Plaintiffs contend error was committed in the admission of testimony on behalf of defendant and in instructions given to the jury in his behalf. Davidson, who purchased the land, was introduced as a witness on behalf of defendant and after stating that he had purchased the farm from defendant was asked the following question.

Q. "I will ask you if the purchase of that farm was through the procurement of the plaintiff company, the Cox Real Estate Company?" Objection was made upon the ground that the question called for a conclusion of the witness. This was overruled and exception saved. The witness then answered. "No Sir." The objection to the question above set out ought to have been sustained for the question did call for a conclusion. [Stinde v. Blesch, 42 Mo. App. 578.]

Four instructions on part of defendant were given, all of which are objected to. Numbers 1 and 2 both relate to the burden of proof and are unobjectionable. No. 3 is as follows:

"No. 3 Although you may find and believe that Morrison went with Davidson to the farm of French, and upon their arrival at such farm French and Davidson entered into negotiations which finally resulted in Davidson buying the farm, still plaintiffs would not be entitled to recover unless they have shown by the greater weight of the evidence that they were the procuring cause of such purchase." The fact that Morrison had gone with Davidson to defendant's farm at the date negotiations were opened for this purpose was not disputed but it was contended that Morrison did not induce Davidson to go but that it was through Davidson's brother that he went, and in view of the testimony of Davidson that his brother had told him of the place and that he was intending to go see it before Morrison spoke to him about it, the instruction was warranted by the issues made and the testimony.

Instruction No. 4 is as follows:

"No. 4. Before the plaintiffs can recover they must show by the greater weight of the evidence that they were the prime cause of the purchase of said land by Davidson from defendant." We are unable to see any reason for this instruction. The court had, in the other instructions, given very full and fair instructions covering every possible phase of the case and we cannot

understand how this instruction was to be of any assistance to the jury in reaching a proper conclusion. We would not be justified in reversing the judgment, however, for the reason that this instruction was unnecessary if it were not erroneous or misleading. What would the jury understand from it? They would understand, at least, that it was meant to cover some question not covered by the other instructions and with this end in view what meaning would they attach to it? The jury had already been told in the other instructions that for plaintiffs to recover they must show that they were the procuring cause of the sale, hence the jury must have understood by this instruction that plaintiffs must show that they were the "prime" cause of the sale in addition to being the procuring cause. Under these circumstances what meaning could the jury attach to this instruction? The word "prime" has a variety of meanings. Webster gives the following among others: "First in order of time, orginal, primary; first in rank, degree, dignity, authority or importance." If the jury were familiar with these definitions and should undertake to select one of them to apply to the word "prime" as used in this instruction that was not already covered by the other instructions, they could only find two and these are "First in order of time" and "original." Should they attach either of these meanings to the word "prime" they would be misled and induced thereby to believe that in order to recover, plaintiffs must show that they first brought the attention of the purchaser to this land—a fact which plaintiffs were not required to show in this case. The jury had been fully instructed on every possible issue and when we consider that the plaintiffs had taken the purchaser to see the farm, had gone over it with him and shown it to him and thus started the negotiations which resulted in a sale of the farm in a few days thereafter and consider further that the real issue in this case was whether or not the

purchase was brought about by the efforts of plaintiffs or whether it was induced by the information the purchaser had received from his brother before plaintiffs took him to see the farm, we can readily see how the jury were misled by this instruction. The judgment will be reversed and cause remanded. All concur.